# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **CLIFFORD MICHEL, GUERDA LOUIS,** | § | |
| *Plaintiffs* | § | |
| | § | **No.  A-21-CV-00681-LY** |
| | § | |
| **v.** | § | |
| | § | |
| **WORKRISE TECHNOLOGIES INC., HCS RENEWABLE ENERGY LLC, ROBERT BURNS,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendants' Partial Motion to Dismiss Plaintiffs' Amended Complaint for Failure to State a Claim, Dkt. 17; Defendant Robert Burns' Motion to Dismiss Pursuant to Rule 4(m) and Rule 12(b)(6) for Failure to State a Claim, Dkt. 27, and all related briefing. After reviewing these filings and the relevant case law, the undersigned issues the following report and recommendation.

## I.      BACKGROUND

Plaintiffs Clifford Michel and Guerda Louis bring claims against their former employers, Workrise Technologies Inc., HCS Renewable Energy LLC, and Robert Burns, asserting race and national origin discrimination, hostile work environment,

and retaliation in violation of 42 U.S.C. § 1981[1] and Title VII[2] of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Plaintiffs assert their claims both individually and on behalf of others similarly situated. Defendants move to dismiss Plaintiffs' claims with the exception of their claims related to their individual terminations arguing that: (1) their claims cannot be certified as a class action; (2) they cannot state an individual claim for hostile work environment; and (3) they cannot state an individual claim for retaliation.

## II.      LEGAL STANDARDS

### A.      Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v.*

---

[1] Section 1981 prohibits race discrimination in the making and enforcing of contacts. 42 U.S.C. § 1981(a). Courts analyze employment discrimination claims brought under § 1981, including hostile work environment and retaliation claims, under the same standards applicable to Title VII claims. *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002).

[2] Plaintiffs acknowledge they cannot bring Title VII claims against Burns, and withdraw those claims in their Response. Dkt. 30, at 5.

*Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

Dismissal of a class at the pleading stage is rare because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982). Thus, although a defendant is not prohibited from moving to strike class allegations before the motion for class certification, courts often decline to grant such motions "because the shape and form of a class action evolves only through the process of discovery." *Simpson v. Best W. Int'l, Inc.*, No. 3:12-cv-4672-JCS, 2012 WL 5499928, at *9 (N.D. Cal. Nov. 13, 2012) (internal citation and quotations omitted). In rare circumstances, class allegations may be struck prior to discovery where "the complaint demonstrates that a class action cannot be maintained on the facts alleged." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009).

### B.    Rule 4(m)

Under Rule 4(m), a plaintiff must properly serve a defendant within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). The Rule provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). When a plaintiff fails to serve process on a defendant within 90 days of filing his or her complaint, the Court must determine whether "good cause" exists to extend the time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). If "good cause" exists, the Court "must extend time for service." *Id.* If, on the

4

other hand, "good cause" does not exist, it is within the Court's discretion to either dismiss the case without prejudice or extend time for service. *Id.* The Court has "broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor,* 788 F.2d 1115, 1116 (5th Cir. 1986). The plaintiff has the burden of proving good cause for the failure to effect timely service. *See Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam). To demonstrate good cause, a plaintiff must "make a showing of good faith and show some reasonable basis for noncompliance within the time specified." *Id.* Mere inadvertence or ignorance of the rules cannot establish good cause. *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993).

### III.    DISCUSSION

Plaintiffs seek to bring this action as a class action "on behalf of themselves and all employees and ex-employees of Defendants who are Black and/or Caribbean and/or Haitian and/or Jamaican who were retaliated against for opposing unlawful discrimination and unlawfully terminated in May 2020 by Defendants." Dkt. 14, at 2. Plaintiffs' Amended Complaint further states, "Plaintiffs seek to represent all Black and/or Caribbean employees of Defendants who have been subjected to one or more aspects of systemic race and ethnic discrimination and retaliation as described in this Complaint, including, but not limited to: discriminatory policies and practices; differential treatment; retaliation for opposing unlawful discrimination; and unlawful termination." *Id.*, at 2. Plaintiffs seek declaratory and injunctive relief; back

pay; front pay; compensatory, nominal and punitive damages; and attorneys' fees, costs, and expenses. *Id.*, at 22-23.

## A.     Motion to Dismiss

Defendant Burns moves to dismiss the claims against him without prejudice, arguing he was not properly served. On August 3, 2021, Plaintiffs Clifford Michel and Gerda Louis filed their Original Complaint, Dkt. 1, against Burns, Workrise Technologies Inc., and HCS Renewable Energy LLC. On September 10, 2021, Plaintiffs filed a Request for Issuance of Summons for Defendants Workrise Technologies Inc. and HCS Renewable Energy LLC. Dkt. 8. On January 31, 2022, Plaintiffs filed a Request for Issuance of Summons for Burns. Dkt. 24. 196 days after Plaintiffs filed their Original Complaint, Plaintiffs served Burns. Dkt. 27-1. Burns moves to dismiss the claims against him based on the Plaintiffs' delay in requesting a summons and not serving him until 196 days after Plaintiffs fled their Complaint.

Plaintiffs assert that on November 1, 2021, Plaintiffs filed an Amended Complaint adding Title VII claims, Dkt. 4, and on December 15, 2021, Defendants' counsel filed a Rule 7 Disclosure Statement that was filed on behalf of all Defendants, including Burns. Dkt. 20. Plaintiffs argue that they only learned that Defendants' counsel did not represent Burns on January 10, 2022, when they asked them to accept service on Burns behalf. Plaintiffs requested a summons on January 31, 2022, Dkt. 24, which was issued on February 1, 2022, Dkt. 25, and Burns was served on February 16, 2022. Dkt. 27-1. Plaintiffs argue that although they would not be barred by the statute of limitations under Section 1981 from initiating a new suit against

Burns, they request that the Court exercise its discretion and find that Burns was served *nunc pro tunc*. Additionally, they argue they had good cause for the delay because there was confusion about whether counsel for the other two Defendants was also representing Burns.

A review of the Rule 7 Disclosure Statement upon which Plaintiffs rely shows that it was filed only on behalf of Defendants Workrise Technologies Inc. and HCS Renewable Energy. Nowhere on the Disclosure does it refer to Mr. Burns. Thus, Plaintiffs' confusion about which parties counsel was representing has no basis in fact. Additionally, Plaintiffs' Original Complaint was filed in August 2021, and the Statement the purportedly relied upon was filed in December 2021, over 120 days after they filed their Original Complaint, thus this explanation carries no weight. A determination regarding whether a plaintiff has made a sufficient showing of good cause "is necessarily fact-sensitive" and depends upon the particular circumstances of the case. *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). At a minimum, in order to show good cause, "the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Id.* (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). The undersigned finds that Plaintiffs have failed to show good cause for their failure to timely serve Burns pursuant to Rule 4(m) and that their claims against him should be dismissed without prejudice. Since Plaintiffs have failed to establish good cause, the

undersigned declines to exercise its discretion and find that Burns was timely served *nunc pro tunc.*

### B.   Putative Class Claims

Plaintiffs seek to represent a class of all Black and/or Caribbean, Haitian, or Jamaican individuals who are current or former employees of Defendants, who among other things, were terminated by Defendants. Defendants move to dismiss, asserting that Plaintiffs' Complaint does not meet the requirements for class certification, and therefore must be dismissed.[3]

Class actions are governed by Rule 23 of the Federal Rules of Civil Procedure. The Supreme Court has explained that Rule 23 does not set forth a mere pleading standard; rather, a party seeking class certification must affirmatively demonstrate his compliance with the Rule. *Wal-Mart v. Dukes*, 564 U.S. 338, 350 (2011). The district court must conduct a rigorous analysis of the Rule 23 requirements before certifying a class action. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). The party seeking certification bears the burden of proof. *Horton v. Goose Creek Indep. Sch. Dist.*, 690 F.2d 470, 486 (5th Cir. 1982), cert. denied, 463 U.S. 1207 (1983).

A class may be certified under Rule 23 only it meets the four prerequisites found in Rule 23(a) and the two additional requirements found in Rule 23(b)(3). *See Mullen v. Treasure Chest Casino, L.L.C.*, 186 F.3d 620, 623 (5th Cir. 1999), cert. den.,

---

[3] Burns joins in with the other Defendants through a largely similar, but separate Motion to Dismiss. The undersigned finds that the reasoning that applies to the dismissal of the claims against Workrise Technologies Inc. and HCS Renewable Energy LLC, is also applicable to the class claims against Burns as well as the hostile work environment and retaliation claims.

528 U.S. 1159 (2000). Under Fed. R. Civ. P. 23(a), an action may be maintained as a class action if it meets the criteria of numerosity, commonality, typicality, and adequacy of representation. *See McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995). The requirements for Rule 23(b) are "predominance" and "superiority." *See Mullen*, 186 F.3d at 624 (citing *Amchem Products v. Windsor*, 521 U.S. 591, 615 (1997)). The district court has wide discretion in deciding whether or not to certify a proposed class. *See McGrew*, 47 F.3d at 161; *see also Mullen*, 186 F.3d at 624.

In the context of a motion to dismiss, the undersigned is not analyzing whether a class should be certified; but rather, whether Plaintiffs' pleadings are adequate to withstand dismissal at this juncture.

### 1. *Rule 23(a) requirements*

Defendants move to dismiss Plaintiffs' discrimination claims arguing that Plaintiffs have failed to plead common issues of law or fact as to the class as required by Rule 23(a)(2) and (3), commonality and typicality. Generally, Defendants argue that Plaintiffs have failed to allege the existence of a policy of discrimination sufficient to authorize certification of a class.

Rule 23(a) states:

> (a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

9

In *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), the Supreme Court explained that Rule 23(a)(2) "requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Id.* at 349-50 (quoting *Falcon*, 457 U.S. at 157). The class members' "claims must depend upon a common contention." *Id.* at 350. And this common contention "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Thus, "[w]hat matters to class certification ... is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers." *Id.* "These 'common answers' may ... relate to the injurious effects experienced by the class members, but they may also relate to the defendant's injurious conduct. '[E]ven a single common question will do.'" *In re Deepwater Horizon*, 739 F.3d 790, 811 (5th Cir. 2014) (quoting *Wal–Mart Stores*, 131 S.Ct. at 2556).

Plaintiffs, who were hired to work as Module Installers to work at the Rambler Solar Project in San Angelo, Texas, in and around early 2020, contend that were terminated in May 2020 based upon their race and ethnicity when their workplace was closed down because of Covid, and they were not called back to work at that location.[4] They allege that they, along with the rest of the putative class which they assert is about 50 individuals, were replaced by Hispanic and white workers. Dkt. 14,

---

[4] Plaintiffs' Amended Complaint acknowledges that two weeks after their termination in May, Defendants attempted to rehire the Black and Caribbean employees who were laid off from the Rambler Solar Project in San Angelo. Michel alleges he declined to return as he had returned to New York. Louis alleges she never received any notice. Dkt. 14, at 11.

at 9-11. While Plaintiffs allege "systemic racism," which they allege little else to support, the undersigned finds that their allegations of a failure to call back to work all Black and Caribbean people after a Covid work stoppage, is a common question or issue sufficient to meet the requirements of Rule 23(a)(2) in the limited context of a motion to dismiss.

The next element that the party seeking certification must prove is that "the claims ... of the representative[s] ... are typical of the claims ... of the class. Fed. R. Civ. P. 23(a)(3). Typicality requires that "the class representative's claims have the same essential characteristics of those of the putative class," meaning the claims need to be rooted in similar actions and rely on similar legal theories. *James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001) (abrogated on other grounds). In this case, the undersigned finds that Michel and Louis' disparate treatment claims related to their failure to immediately be recalled to work adequately plead the typicality requirement sufficient to survive dismissal at this juncture. They plead that Robert Burns, the Vice President of Construction for HCS instructed the foreman Chris Franco to terminate all "Caribbean and Black people at all the sites." Dkt. 14, at 9. Plaintiffs plead that they are Black and of Haitian ancestry, and that they were terminated along with others employed at the Rambler Solar Project, and thus their claims are arguably typical of the putative class.  They have adequately pleaded Rule 23(a)(3) requirements to survive dismissal.

However, as explained below, the undersigned finds that Plaintiffs cannot meet the requirements of Rule 23(b) thereby requiring the dismissal of any class

claims; moreover, both their individual and class hostile work environment and retaliation claims should be dismissed.

### 2.   *Rule 23(b) requirements*

After meeting the requirements of Rule 23(a) a putative class must meet the requirements of at least one of Rule 23(b)'s subsections. *Yates v. Collier*, 868 F.3d 354, 366 (5th Cir. 2017). Plaintiffs here plead class certification pursuant to Rule 23(b)(2) and 23(b)(3).

As relief, Plaintiffs request: (1) a declaration that Defendants' employment practices are illegal; (2) a permanent injunction against Defendants from engaging in further unlawful employment practices and race discrimination; (3) an order requiring Defendants to implement programs providing equal employment opportunities for the putative class of employees remedying past discrimination; (4) an order requiring Defendants to implement systems of supervising, assigning, training, transferring, and compensating the putative class in a non-discriminatory manner; (5) an order establishing a task force on equality; (6) an order restoring plaintiffs and putative class to their jobs; (7) an order adjusting the wage rates and benefits of the putative class; (8) an award of backpay, frontpay, lost benefits, preferential job treatment along with other damages for lost compensation and job benefits; and (9) an award of compensatory, nominal and punitive damages to Named Plaintiffs. Dkt. 14, at 23.

With regard to Rule 23(b)(2), the Supreme Court in in *Dukes v. Wal-mart* held that "claims for monetary relief … may not [be certified under Rule 23(b)(2)], at least

where ... the monetary relief is not incidental to the injunctive or declaratory relief."

*Id.* at 2557. The Court reasoned:

> at a minimum, claims for individualized relief (like the backpay at issue here) do not satisfy the Rule.... Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant. Similarly, it does not authorize class certification when each class member would be entitled to an individualized award of monetary damages.

*Id.* The only possible exception, the Court continued, is "monetary relief that is incidental to requested injunctive or declaratory relief." *Id.* at 2560 (internal quotation marks omitted). But the Court did not decide the issue because the monetary relief Dukes sought, backpay, was not incidental to declaratory or injunctive relief. To the contrary, Wal-Mart had the right to raise affirmative defenses to each individual backpay determination. "And because the necessity of that litigation will prevent backpay from being 'incidental' to the classwide injunction," Rule 23(b)(2) certification was not appropriate. *Id.* at 2561. Similarly, in the instant case, because Plaintiffs plead that they seek backpay, which is not incidental to the request for injunctive relief, they have not adequately pleaded a Rule 23(b)(2) class action. *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 415 (5th Cir. 1998) (finding damages are incidental only if they flow "directly from liability to the class as a whole on the claims forming the basis of the injunctive or declaratory relief.").

Turning to Rule 23(b)(3), Plaintiffs must adequately plead a basis to satisfy Rule 23(b)(3)'s predominance and superiority elements. *Unger v. Amedisys Inc.*, 401

F.3d 316, 320 (5th Cir. 2005); Fed. R. Civ. P. 23(b)(3). "The predominance and superiority requirements are 'far more demanding' than is rule 23(a)(2)'s commonality requirement." *Amchem,* 521 U.S. at 623-24. "The predominance requirement tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Torres v. S.G.E. Mgmt., L.L.C.*, 838 F.3d 629, 636 (5th Cir. 2016) (en banc) (internal citations omitted). The goal of this process is to "prevent[ ] the class from degenerating into a series of individual trials." *I Madison v. Chalmette Refining, LLC,* 637 F.3d 551, 555 (5th Cir. 2011) (internal quotations omitted). To predominate, "common issues must constitute a significant part of the individual cases." *Mullen,* 186 F.3d at 626.

In this case, Plaintiffs request compensatory and punitive damages for only "Named Plaintiffs" but damages for back pay, front pay, lost benefits, preferential rights to jobs, and other damages for lost compensation on behalf of the class. Dkt. 14, at 23. Plaintiffs assert that the Court "can sever Plaintiff's individual monetary claims from their class claims." Dkt. 21, at 6. However, the undersigned finds that Plaintiffs' individual claims, which include enhanced damage models for the individual Named Plaintiffs, differ so significantly from the class claims, that the class claims do not predominate over the individual claims. Either the entire putative class is entitled to claim punitive and compensatory damages, or none is.

Moreover, if the entire class is involved, those types of damages do not predominate. Courts have recognized that "'where individual damages cannot be determined by reference to a mathematical formula[ ] or calculation, the damages

14

issue *may* predominate over any common issues shared by the class.'" *Regmund v. Talisman Energy USA, Inc.*, No. 4:16-CV-02960, 2019 WL 2863926, at *7 (S.D. Tex. July 2, 2019) (quoting *Steering Committee v. Exxon Mobil Corp.*, 461 F.3d 598, 602 (5th Cir. 2006)). The Fifth Circuit has also recently acknowledged that predominance is likely lacking where complicated questions of individual damages are at issue. *Earl v. Boeing Co.*, —— F.4th ——, 2021 WL 6061767, at *2 (5th Cir. Dec. 22, 2021). The proposed class, as currently fashioned by Plaintiffs, is not sufficiently cohesive to warrant adjudication by representation.

Additionally, where the claims "focus almost entirely on facts and issues specific to individuals rather than the class as a whole, the potential that the class action may degenerate in practice into multiple lawsuits separately tried renders class treatment inappropriate." *Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 307 (5th Cir. 2003) (cleaned up).  Plaintiffs' focus on their individual compensatory and punitive damages render their class claims untenable.

## C.    Hostile Work Environment and Retaliation Claims

Plaintiffs also seek to represent all persons who experienced alleged hostile work environments and retaliation by Defendants. Defendants assert that Plaintiffs' individual hostile work environment and retaliation claims should be dismissed.  The undersigned agrees, as explained below.

Plaintiffs cannot serve as class representatives for certain claims if they cannot bring those claims as individuals. "Inclusion of class action allegations in a complaint does not relieve a plaintiff of himself meeting the requirements for constitutional

standing, even if persons described in the class definition would have standing themselves to sue. If the plaintiff has no standing individually, no case or controversy arises. This constitutional threshold must be met before any consideration of the typicality of claims or commonality of issues required for procedural reasons by Fed. R. Civ. P. 23." *Brown v. Sibley*, 650 F.2d 760, 771 (5th Cir. 1981). Accordingly, the undersigned recommends dismissal without prejudice of the putative class hostile work environment and retaliation claims, as well as each individually named plaintiff's hostile work environment and retaliation claims.

### 1.   *Hostile work environment claims*

To establish a claim of hostile work environment under Title VII or Section 1981, a plaintiff must prove that he or she: (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on race, ethnicity, or membership in a protected class ; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (citing *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (citations omitted)). Where the alleged harasser is a supervisor, the employee need only satisfy the first four elements discussed above in making out a prima facie case of hostile work environment. *E.E.O.C. v. Boh Bros. Const. Co., L.L.C.*, 731 F.3d 444, 453 (5th Cir. 2013). Plaintiff Clifford Michel alleges he is a Black Caribbean Haitian male. Plaintiff

Gerda Lewis alleges she is a Black Caribbean Haitian female. Dkt. 14, at 4. Thus, it is undisputed that Plaintiffs belong to a protected group.

Harassment affects a "term, condition, or privilege of employment" if it is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Ramsey*, 286 F.3d at 268 (quotation marks and citations omitted). Workplace conduct "is not measured in isolation." *Id.* (quotation marks and citation omitted). To deem a work environment sufficiently hostile, "all of the circumstances must be taken into consideration." *Id.* This includes "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (quotation marks and citations omitted). To be actionable, the work environment must be "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998) (citation omitted).

Plaintiffs plead that they originally worked under a foreman named Philip.[5] Michel complains that "Foreman Philip made discriminatory comments on a regular basis like 'these fucking Haitians' and 'these people are stupid' in reference to workers who were Black, Caribbean, Jamaican, and Haitians …" and that Philip spoke to Black, Caribbean, Jamaican, and Haitians "in a derogatory and aggressive manner on a regular basis." Dkt. 14, at 8. Michel pleads that he witnessed these comments.

---

[5] It is unclear if "Philip" is this individual's first or last name, as he is referred to as "Foreman Philip" or "Philips" throughout Plaintiffs' Amended Complaint.

Plaintiffs claim Philip regularly terminated Black, Caribbean, Jamaican, and Haitian employees and drove others away "because they feared Foreman Philip would become physically violent." *Id.* Michel further pleads that "Plaintiffs and members of the class complained about this unlawful hostile work environment, but Defendants took no appropriate corrective action." *Id.* Plaintiffs further plead that "on January 29, 2020, Plaintiffs and members of the class went on strike and demanded that Foreman Philips be fired due to his discriminatory and abusive behavior." *Id.* Plaintiffs acknowledge that Philip was ultimately fired. *Id.*

Defendants argue that Plaintiffs have failed to plead that the alleged harassment was severe and pervasive and that they were individually subject to the behavior. The undersigned agrees. Plaintiff Louis does not plead that she witnessed or was the subject of any of the alleged comments or discriminatory behavior by Philip. Thus, she cannot argue that she was personally subjected to severe or pervasive unwelcome harassment sufficient to make out a hostile work environment claim.

Michel does assert that he witnessed the discriminatory comments stating they were made "in front of" him, although apparently not directed at him. However, he has failed to plead that the alleged harassment was sufficiently severe or pervasive to alter the conditions of his employment. Michel only points to two statements made by Philip, as the basis of his hostile work environment claim: "these fucking Haitians" and "these people are stupid." Dkt. 14, at 8. "Sporadic use of abusive language" is outside of Title VII's purview. *Faragher,* 524 U.S. at 788. And Michel's statement that

Philip made discriminatory comments "on a regular basis" is conclusory, which the court need not consider, and is insufficient to state a claim. Courts do not treat conclusory statements or legal conclusions with the presumption of truth or view them in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 678-79; *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017). Plaintiffs Michel and Louis' individual hostile work environment claims should be dismissed without prejudice for failure to state a claim.

### 2.   *Retaliation claims*

To establish Title VII retaliation, a plaintiff must show that: (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021). The Fifth Circuit has explained, "An employee has engaged in activity protected by Title VII if she has either: (1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII." *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) (citing 42 U.S.C. § 2000e-3(a)).

Both Michel and Louis have failed to plead that they engaged in a protected activity that caused each one to suffer an adverse employment action. They allege that "Plaintiffs and members of the Class complained about the unlawful hostile work environment." Dkt. 14, at 8. However, they fail to specifically plead personal engagement in an activity protected by Title VII. A complaint must plead "enough

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Louis and Michel have failed to plead any facts identifying a specific "complaint" he or she made about the alleged hostile work environment, such as when he or she made the complaint, to whom they complained, and the substance of that complaint. The statement "Plaintiffs and members of the Class complained about this hostile work environment" is an insufficient basis for a retaliation claim.

Michel has further failed to plead that he engaged in a protected activity that caused him to suffer an adverse employment action.  Michel alleges he was hired on February 1, 2020, and terminated on May 12, 2020. Dkt. 14, at 7, 10. Michel asserts that "on or about January 29, 2020, Plaintiffs and members of the class went on strike and demanded that foreman Philips be fired." *Id.* at 7. This incident occurred prior to Michel's hiring and thus cannot be the basis for retaliation against him. The only other possible protected activity identified by Michel is his complaint after his termination. But as those events post-dated any adverse employment action, there can be no causal connection. Accordingly, Michel has failed to make out an individual claim for retaliation, and his claims should be dismissed without prejudice.

With regard to Louis, the only possible protected activity is her alleged participation in the January 29, 2020, strike, but there is no caselaw supporting a general strike as qualifying as a "protected activity" pursuant to Title VII. *See Hazel*

*v. U.S. Postmaster General,* 7 F.3d 1, 4 (1st Cir. 1993) ("the right to oppose discrimination is not a right to refuse to work on account of discrimination ... a plaintiff goes beyond the scope of protected opposition when he damages the basic goals and interests of the employer who has a legitimate interest in seeing that its employees perform their work well"); *Armstrong v. Index Journal Co.*, 647 F.2d 441, 448 (4th Cir. 1981) ("[The opposition clause] was not intended to immunize insubordinate, disruptive, or nonproductive behavior at work ...."). Louis fails to plead any specific complaint that qualifies as a "protected activity" pursuant to Title VII.

Additionally, Louis fails to plead a causal link between her alleged participation in the strike and/or failure to recall, because Plaintiffs allege that all individuals of their identified class were not immediately recalled, regardless of their participation in the strike. Moreover, Louis was not terminated after the strike, in January 2020, but laid off in April 2020, along with all other employees, when the entire site was closed down due to Covid testing, and then allegedly not called back in May 2020. Accordingly, Louis also fails to state a claim for retaliation, and her individual claim should also be dismissed without prejudice.

### D.   Leave to Amend

Lastly, Plaintiffs request that they be given leave to amend to allow them to cure any deficiencies in their pleadings. Defendants object to the amendment, asserting that Plaintiffs have failed to give notice of the nature of their proposed amendments. Rule 15(a) "evinces a bias in favor of granting leave to amend."

21

*Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (citation omitted). "Leave to amend is in no way automatic, but the district court must possess a 'substantial reason' to deny a party's request for leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted). Leave to amend may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... and futility of the amendment." *N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018) (quoting *Marucci*, 751 F.3d at 378). Absent a substantial reason, "the discretion of the district court is not broad enough to permit denial." *Mayeaux*, 376 F.3d at 425 (citation omitted). In this case, the undersigned finds that no substantial reason to deny the request for leave to amend and recommends it be granted.

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court: **GRANT** Defendants' Partial Motion to Dismiss Plaintiffs' Amended Complaint for Failure to State a Claim, Dkt. 17, and **DISMISS WITHOUT PREJUDICE** Plaintiffs' class claims of discrimination, individual and class hostile work environment claims, and individual and class retaliation claims; **GRANT IN PART** Defendant Robert Burns' Motion to Dismiss Pursuant to Rule 4(m), Dkt. 27, and **DISMISS WITHOUT PREJUDICE** all Plaintiffs' claims against Burns for failure to timely effect service. The undersigned

**FURTHER RECOMMENDS** that the District Court **GRANT** Plaintiffs' request for leave to amend their Complaint.

## V.    WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED June 30, 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE