**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CLIFFORD MICHEL, and GUERDA LOUIS,** | § § § | |
| **Individually and on Behalf of Others Similarly Situated,** | § § § | **CIVIL ACTION NO.  1:21-CV-681** |
| **Plaintiffs,** | § § § | |
| **vs.** | § § § | **Jury Demanded** |
| **WORKRISE TECHNOLOGIES INC., HCS RENEWABLE ENERGY LLC, and ROBERT BURNS,** | § § § § | |
| **Defendants.** | § | |

**DEFENDANT ROBERT BURNS'**
**RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE REPORT AND**
**RECOMMENDATION DATED JUNE 30, 2022**

**COMES NOW** Defendant Robert Burns ("Burns") and files Defendant's Response to Plaintiffs' Objections to the Report and Recommendation Dated June 30, 2022 and would show this Court as follows.

INTRODUCTION

On June 30, 2022, the Magistrate issued a Report and Recommendation that Burns should be dismissed from this lawsuit because Plaintiffs failed to establish good cause as to why they did not serve Burns until 196 days after Plaintiffs filed their Original Complaint.  Dkt. 32. Plaintiffs' Objection to the Magistrate's Report and Recommendation does not disagree with the Magistrate's analysis, but rather requests this Court exercise discretion that the Magistrate declined to exercise.

**DEFENDANT ROBERT BURNS' RESPONSE TO PLAINTIFFS' OBJECTION**                    **PAGE 1**

## ARGUMENT

### I.      LEGAL STANDARD

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).  The burden is on the plaintiff to show good cause as to why service was not affected timely, and the plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *See McGinnis v. Shalala*, 2 F.3d 548, 550 (5th Cir. 1993); *see also Gartin v. Par Pharm. Cos. Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).

When reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or part, the findings or recommendations by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court must make a *de novo* determination to the extent a party makes specific objections to a magistrate judge's findings.  *Walker v. Savers*, 583 F. App'x 474, 474-75 (5th Cir. 2014).

### II.     DISMISSAL PURSUANT TO RULE 4(M)

Plaintiffs have actively sought to litigate this matter against the Employer Defendants but for some unknown reason, Plaintiffs failed even to request an issuance of service of summons against Burns until 150 days had passed since they filed their Original Complaint.  On August 3, 2021, Plaintiffs Clifford Michel and Guerda Louis ("Plaintiffs") filed *Plaintiff's Original Complaint* against Burns, Workrise Technologies Inc., and HCS Renewable Energy LLC.  Dkt.

1. On September 10, 2021, Plaintiffs filed a Request for Issuance of Summons for Defendants Workrise Technologies Inc. and HCS Renewable Energy LLC (collectively "Employer Defendants"). Dkt. 8. On January 31, 2022, Plaintiffs filed a Request for Issuance of Summons for Burns. Dkt. 24. 196 days after Plaintiffs filed their Original Complaint, Plaintiffs served Burns. Dkt. 27.

Plaintiffs argue that good cause exists because they were "confused" as to whether Burns was represented by the same attorneys representing Workrise Technologies, Inc. and HCS Renewable Energy, LLC. As the magistrate judge noted, Defendants Workrise Technologies Inc. and HCS Renewable Energy, LLC never filed any document indicating that they represented Burns. Furthermore, any confusion that occurred by the December 2021 filing occurred more than 120 days after Plaintiffs filed their Original Complaint.

Plaintiffs and Defendants Workrise Technologies Inc. and HCS Renewable Energy, LLC have already conducted and submitted their Rule 26(f) Discovery Report/Case Management Plan. Dkt. 26. Plaintiffs have no good reason to demonstrate why they failed even to request an issuance of summons, let alone why Plaintiffs took 196 days to serve Burns. Burns requests this Court accept the Magistrate Judge's report and recommendation and dismiss Plaintiffs' causes of action against him pursuant to Rule 4(m), which requires a defendant be served within 90 days after the complaint is filed. FED. R. CIV. P. 4(m).

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Burns prays that this Court dismiss Plaintiffs' causes of action against Burns, and for such other relief to which Defendant Burns may be justly entitled.

Respectfully submitted,

By: /s/ Paul W. Simon_____
    Paul W. Simon, lead attorney
    State Bar No. 24060611
    *paul@simonpaschal.com*
    Dustin A. Paschal
    State Bar No. 24051160
    *dustin@simonpaschal.com*

**SIMON | PASCHAL PLLC**
5300 Town and Country Blvd., Suite 155
Frisco, Texas 75034
(972) 893-9340 Telephone
(972) 893-9350 Facsimile

**ATTORNEYS FOR DEFENDANT
ROBERT BURNS**

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2022, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

        /s/ Paul W. Simon_____
        Paul W. Simon