## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| CLIFFORD MICHEL, GUERDA LOUIS, §<br>§<br>*Plaintiffs* §<br>§<br>v. §<br>§<br>WORKRISE TECHNOLOGIES §<br>INC., HCS RENEWABLE §<br>ENERGY LLC, ROBERT BURNS, §<br>*Defendants* § | No. 1:21-CV-00681-LY |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendants' Partial Motion to Dismiss Plaintiffs' Amended Complaint for Failure to State a Claim, Dkt. 41, and all related briefing. After reviewing these filings and the relevant case law, the undersigned issues the following report and recommendation recommending that the District Court grant Defendants' motion.

### I.   BACKGROUND

In their Second Amended Complaint, Plaintiffs Clifford Michel and Guerda Louis bring claims against their former employers, Workrise Technologies Inc. and HCS Renewable Energy LLC, asserting race and national origin discrimination, in

1

violation of 42 U.S.C. § 1981[1] and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Plaintiffs assert their claims both individually and on behalf of others similarly situated. Defendants now move to dismiss Plaintiffs' discrimination claims brought on behalf of a purported class. The District Court previously granted a prior Motion to Dismiss, dismissing without prejudice Plaintiffs' class claims, along with others, and allowed Plaintiffs to replead. Defendants move to dismiss with prejudice the class claims reasserted in that amended complaint.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter,

---

[1] Section 1981 prohibits race discrimination in the making and enforcing of contacts. 42 U.S.C. § 1981(a). Courts analyze employment discrimination claims brought under § 1981 under the same standards applicable to Title VII claims. *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002).

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

Dismissal of a class at the pleading stage is rare because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Gen. Tel. Co. of the Sw. v.*

*Falcon*, 457 U.S. 147, 160 (1982). Thus, although a defendant is not prohibited from moving to strike class allegations before the motion for class certification, courts often decline to grant such motions "because the shape and form of a class action evolves only through the process of discovery." *Simpson v. Best W. Int'l, Inc.*, No. 3:12-cv-4672-JCS, 2012 WL 5499928, at *9 (N.D. Cal. Nov. 13, 2012) (internal citation and quotations omitted). In rare circumstances, class allegations may be stricken prior to discovery where "the complaint demonstrates that a class action cannot be maintained on the facts alleged." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009).

### B.     Rule 12(f)

Under Federal Rule of Civil Procedure 12(f), the court may strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Under Rule 23(d), the court may "require that the pleadings be amended to eliminate allegations about representation of absent persons." Fed. R. Civ. P. 23(d)(1)(D). "Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings." *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007); *see also Falcon*, 457 U.S. at 160 ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.").

### III. DISCUSSION

Plaintiffs bring this cause of action "on behalf of themselves all employees and ex-employees of Defendants who are Black and/or Caribbean and/or Haitian and/or Jamaican who were unlawfully terminated in May 2020 by Defendants." Dkt. 37, at ¶ 7. Their Second Amended Complaint further states, "Plaintiffs seek to represent all Black and/or Caribbean employees of Defendants who have been subjected to one or more aspects of the systemic race and ethnic discrimination described in this Complaint including but not limited to: discriminatory policies and practices; differential treatment; and unlawful termination." *Id.*, at ¶ 8. On behalf of themselves and the alleged class, Plaintiffs seek: declaratory and injunctive relief; back pay; front pay; compensatory, nominal and punitive damages; and attorney's fees, costs and expenses. *Id.*, at ¶ 9.

#### A. Motion to Dismiss

This is Defendants' second motion to dismiss. Plaintiffs filed their Original Complaint and Jury Demand on August 25, 2021, in which they alleged violations of 42 U.S.C. §1981. Dkt. 1. On November 1, 2021, and before Defendants answered the Original Complaint, Plaintiffs amended their Original Complaint to include claims under Title VII of the Civil Rights Act of 1964. Dkt. 14. Defendants moved to partially dismiss Plaintiffs' First Amended Complaint seeking dismissal of Plaintiffs' individual and class-wide hostile work environment claims, Plaintiffs' individual and class-wide retaliation claims, and Plaintiff's class-wide termination claims. Dkt. 17. On June 30, 2022, the undersigned issued a Report and Recommendation

5

recommending Defendants' motion be granted. Dkt. 32. The District Court accepted and adopted the Magistrate Judge's Report and Recommendation, and dismissed Plaintiffs' class claims of discrimination, individual and class hostile work environment claims, and individual and class retaliation claims without prejudice. Dkt. 36. The Court also granted Plaintiffs' Motion for Leave to Amend, providing them the opportunity to amend their claims. *Id.* On September 23, 2022, Plaintiffs filed their Second Amended Complaint. Dkt. 37. Plaintiffs' amended pleading no longer asserts claims for hostile work environment or retaliation; however, their amended complaint contains both individual and class claims for race discrimination pursuant to 42 U.S.C. § 1981 and race and national origin discrimination pursuant to Title VII. Defendants now again move to dismiss all Plaintiffs' class claims.[2]

### B.   Rule 23 Class Action

Plaintiffs seek to represent a class of all Black and/or Caribbean, Haitian, or Jamaican individuals who are current or former employees of Defendants, who were terminated by Defendants. Defendants move to dismiss, asserting that Plaintiffs' complaint does not meet the requirements for class certification.

Class actions are governed by Rule 23 of the Federal Rules of Civil Procedure. The Supreme Court has explained that Rule 23 does not set forth a mere pleading standard; rather, a party seeking class certification must affirmatively demonstrate his compliance with the Rule. *Wal-Mart v. Dukes*, 564 U.S. 338, 350 (2011). The

---

[2] Defendants initially moved to dismiss Louis's individual claims asserting she had failed to file an EEOC charge. Dkt. 41, at 12. Plaintiffs responded that Louis could rely upon Michel's charge under the single file rule, Dkt. 42, at 24, and in their Reply Defendants agree that Louis's Title VII claims are not barred. Dkt. 44, at 2 n.1.

district court must conduct a rigorous analysis of the Rule 23 requirements before certifying a class action. *See Falcon*, 457 U.S. at 161. The party seeking certification bears the burden of proof. *Horton v. Goose Creek Indep. Sch. Dist.*, 690 F.2d 470, 486 (5th Cir. 1982), cert. denied, 463 U.S. 1207 (1983). However, in this case, the undersigned only analyzes whether Plaintiffs have adequately pleaded a class action.

A class may be certified under Rule 23 only it meets the four prerequisites found in Rule 23(a) and one or more of the three additional requirements found in Rule 23(b)(3). *See Mullen v. Treasure Chest Casino, L.L.C.*, 186 F.3d 620, 623 (5th Cir. 1999), cert. denied, 528 U.S. 1159 (2000). Here Plaintiffs assert they are seeking certification under both Rule 23(b)(3) and Rule 23(b)(2) "for injunctive relief as a hybrid class and not for any monetary relief." Dkt. 42, at 2.

Under Fed. R. Civ. P. 23(a), an action may be maintained as a class action if it meets the criteria of numerosity, commonality, typicality, and adequacy of representation. *See McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995). The requirements for Rule 23(b) are "predominance" and "superiority." *See Mullen*, 186 F.3d at 624 (citing *Amchem Products v. Windsor*, 521 U.S. 591, 615 (1997)). The district court has wide discretion in deciding whether or not to certify a proposed class. *See McGrew*, 47 F.3d at 161; *see also Mullen*, 186 F.3d at 624.

The undersigned does not address the arguments Federal Rule of Civil Procedure 23(a), because it finds Plaintiffs pleadings are inadequate to support a class action as required by Rule 23(b). But first, the undersigned addresses Plaintiffs' claim that this case involves a "pattern or practice" claim.

## C. Pattern or Practice

Plaintiffs allege that the discrimination they experienced was part of a systemic pattern or practice of discrimination when they, along with approximately 50 other Black, Caribbean, Haitian and/or Jamaican employees, were not called back to work in May 2022, after the worksite was shut down for Covid testing, while employees of other races and national origin were called back to work. Dkt. 37, at ¶¶ 63-72.

In the key case of *International Brotherhood of Teamsters v. United States*, which Plaintiffs assert is applicable here, the United States Supreme Court established a two-stage framework for Title VII claims alleging a pattern or practice of discrimination. 431 U.S. 324, 336 (1977). In the first stage, focusing on "a pattern and practice," a plaintiff must establish a prima facie case of discrimination by showing by a preponderance of the evidence that discrimination was the defendant's "standard operating procedure[,] the regular, rather than the unusual practice." *Id.* at 336. "[S]ingle, insignificant, isolated acts of discrimination" are not enough to prove a pattern or practice; nor are "sporadic incident[s]." *Id.* at 336 & n.16. A plaintiff, instead, must show that the "denial of rights" was "repeated, routine, or of a generalized nature." *Id.* at 336 n.16. If the plaintiff meets this initial burden of proving a pattern or practice, a subsequent remedial phase determines "the scope of individual relief." *Id.* at 361.

Relying on *Falcon*, Defendants argue that Plaintiffs' reliance on a "a one-time event of a mass firing" is insufficient to plead a pattern-or-practice cause of action.

457 U.S. 147, 160 (1982); *see also Myart v. Glosson*, No. SA-14-CV-831-XR, 2014 WL 6612008, at *5 (W.D. Tex. Nov. 20, 2014) ("Courts have cited *Falcon* and *John* to strike or dismiss [under Rule 12(f) or Rule 12(b)(6)] class-action allegations from a complaint when the pleadings clearly fail to allege facts to support the minimum requirements of Rule 23.") (citations omitted). The parties dispute whether Plaintiffs have adequately pleaded a prima facie case of a pattern-or-practice claim, either through assertions of statistical variances between the class and other employees or through a general policy of discrimination.

The focus of a pattern-or-practice claim is "on a pattern of discriminatory decision making" by the employer. *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 876 (1984). To establish a prima facie case of pattern-or-practice discrimination, Plaintiffs must show that Defendants regularly and purposefully treated members of the protected group less favorably and that unlawful discrimination was Defendants' regular procedure or policy. *E.E.O.C. v. McDonnell Douglas Corp.*, 191 F.3d 948, 951 (8th Cir. 1999). Plaintiffs can make this showing solely by producing evidence of gross statistical disparities. *Hazelwood School Dist. v. United States*, 433 U.S. 299, 307-08 (1977). If such statistics do not exist, Plaintiffs may still establish a pattern or practice by "combining statistics with historical, individual, or circumstantial evidence." *See Pitre v. W. Elec. Co., Inc.*, 843 F.2d 1262, 1267 (10th Cir. 1988).

In this case, to establish a pattern-or-practice case, pleading both "a general policy of discrimination,"[3] and "gross statistical disparity," Plaintiffs rely on the one-

---

[3] "To succeed on a claim of systemic disparate treatment, a plaintiff must show that the employer intentionally discriminated, whether by acting pursuant to an express policy of

9

time event of the proposed class being laid off after a Covid shutdown. Dkt. 42, at 8. They argue that, "the SAC implicitly uses statistics to plead that Defendants fired 100% of the Black, Caribbean, Haitian and Jamaican workers and re-hired nearly all the White and Hispanic workers." *Id.* As proof of a general policy, Plaintiffs also rely on the assertion that Michel asked his recruiter why he was terminated, who stated, "Franco was instructed by Burns to fire all the Caribbean and Black people at all the sites. Because it came from higher up, there is nothing he could do so he had to fire you." Dkt. 37, at ¶ 70. Defendants argue that the Plaintiffs' contention that the *Teamsters* framework applies to this case is misplaced, because they have not pleaded a "pattern or practice." Dkt. 44, at 3. Defendants assert that Plaintiffs' "statistics" are nothing more than the single allegation that a particular employee allegedly instructed a subordinate employee to fire "all Caribbean and black employees" at a particular worksite. Dkt. 37, at ¶ 70.

Various courts have held that a one-time layoff is not sufficient to plead a "general policy" of discrimination necessary to support a pattern-or-practice claim. *See Oinonen v. TRX, Inc.*, No. 3:09-CV-1450-M, 2010 WL 396112, at *4 (N.D. Tex. Feb. 3, 2010) (finding that "Plaintiffs have provided only statistics and conclusory allegations related to a single event, TRX's 2008 layoff. Such a 'one-shot' event cannot constitute a pattern or practice of discrimination."); *E.E.O.C. v. JBS USA, LLC*, 940 F. Supp. 2d 949, 972 (D. Neb. 2013) (holding that "the EEOC cannot establish a

---

treating members of different groups differently or, in the absence of an express policy, by engaging in a pattern or practice of discrimination." *Diaz v. Ashcroft*, 301 F. Supp. 2d 112, 115 (D.P.R. 2004). Plaintiffs assert that the layoff comprised a general policy of discrimination as well as a pattern or practice of discrimination.

10

pattern or practice of unlawful termination or retaliation based on JBS's isolated termination of 80 Somali Muslim employees."); *see also Sperling v. Hoffmann-La Roche, Inc.*, 924 F. Supp. 1346, 1364 (D. N.J. 1996) (stating "[a] pattern or practice would be present only where the denial of rights consists of something more than the isolated, sporadic incident, but is repeated, routine, or of a generalized nature. There would be a pattern or practice if, for example … if a company repeatedly and regularly engaged in acts prohibited by the statute. The point is that single, insignificant, isolated acts of discrimination by a single business would not justify a finding of a pattern or practice...." (quoting 110 Cong.Rec. 14270 (1964) (remarks of Senator Humphrey) (quoted in *Teamsters*, 431 U.S. at 336 n.16)); *Segar v. Smith*, 738 F.2d 1249, 1274 (D.C. Cir. 1984) (stating that "[a] pattern or practice case challenges a host of employment decisions over time; in effect, it challenges an employment system"), cert. denied, 471 U.S. 1115 (1985). Plaintiffs have pointed to one act of discrimination, the layoff. This is insufficient to establish a general policy of discrimination necessary to make out a pattern or practice case. *Wal-Mart*, 564 U.S. 338.

Plaintiffs assert that various racist statements and actions in the workplace by "foreman Philip," who was not a decisionmaker in the layoff, is "anecdotal evidence that supports a plausible inference" that Defendants supported a general policy of discrimination. Dkt. 42, at 10. "For comments in the workplace to provide sufficient evidence of discrimination, they must be, among other things, made by an individual with authority over the employment decision at issue." *Wallace v. Methodist Hosp.*

11

*Sys.*, 271 F.3d 212, 222 (5th Cir. 2001). Plaintiffs have not pleaded that "Foreman Philip" was involved in or related to the decision to lay them off, but that the layoffs were enacted by Chris Franco who was instructed by Burns[4] to lay off members of the purported class. Plaintiffs cite various cases in support of their assertion, but unlike this case, in those cases the purported statements were made by decisionmakers. *See Siddiqui v. AutoZone W., Inc.,* 731 F. Supp. 2d 639, 658 n.59 (N.D. Tex. 2010); *Coleman v. Exxon Chem. Corp.*, 162 F. Supp. 2d 593, 630 (S.D. Tex. 2001); *Kirkland v. Cablevision*, 760 F.3d 223, 226 (2d Cir. 2014); *King v. City of Eastpointe*, 86 F. App'x 790, 803 (6th Cir. 2003); *U.S. v. Cochran*, 39 F. Supp. 3d 719, 733 (E.D.N.C. Aug. 13, 2014); *Winston v. Verizon Serv. Corp.*, 633 F. Supp. 2d 42, 53 (S.D.N.Y. 2009). Racist statements by an individual who is not even a decisionmaker, are not enough to articulate a "policy" sufficient to plead a pattern-or-practice case.

Plaintiffs must allege facts that support that the unlawful discrimination was the company's "standard operating procedure—the regular rather than the unusual practice." *See Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 302 (5th Cir. 2000) (quoting *Cooper*, 467 U.S. at 875). A plaintiff cannot establish a "pattern or practice" based on "isolated or sporadic discriminatory acts by the employer," as they try to do here. *Id.* (quoting *Cooper*, 467 U.S. at 875) (internal quotation marks omitted). The undersigned finds that the factual bases set forth in Plaintiffs' Second Amended Complaint do not support the application of the *Teamsters* framework.

---

[4] His alleged statement is connected to the one-time discriminatory conduct in issue—the layoff, and while maybe sufficient to plead that conduct was discriminatory, it is in sufficient to plead an overarching policy of discrimination sufficient to implicate *Teamsters*.

**D.     Rule 23 Analysis**

Plaintiffs, who were hired to work as Module Installers to work at the Rambler Solar Project in San Angelo, Texas in and around early 2020, contend that they were terminated in May 2020 based upon their race and ethnicity when their workplace was closed down because of Covid, and they were not called back to work at that location. They allege that they, along with the rest of the putative class, which they assert is about 50 individuals, were replaced by Hispanic and white workers. Dkt. 37, at 9-11. Plaintiffs' Second Amended Complaint acknowledges that two weeks after their termination in May, Defendants attempted to rehire the Black and Caribbean employees who were laid off from the Rambler Solar Project in San Angelo. Michel alleges he declined to return as he had returned to New York. Louis alleges she never received any notice of rehiring. Dkt. 37, at 11.

*1.     Rule 23(b) requirements*

After meeting the requirements of Rule 23(a), a putative class must meet the requirements of at least one of Rule 23(b)'s subsections. *Yates v. Collier*, 868 F.3d 354, 366 (5th Cir. 2017). Plaintiffs here argue they plead class certification pursuant to Rule 23(b)(2) for injunctive relief only, and also pursuant to 23(b)(3), and request certification of a "hybrid" class.

As relief, Plaintiffs request: (1) a declaration that Defendants' employment practices are illegal; (2) a permanent injunction against Defendants from engaging in further unlawful employment practices and race discrimination; (3) an order requiring Defendants to implement programs providing equal employment

13

opportunities for the putative class of employees remedying past discrimination; (4) an order requiring Defendants to implement systems of supervising, assigning, training, transferring, and compensating the putative class in a non-discriminatory manner; (5) an order establishing a task force on equality; (6) an order restoring plaintiffs and putative class to their jobs; (7) an order adjusting the wage rates and benefits of the putative class; (8) an award of back pay, front pay, lost benefits, preferential job treatment along with other damages for lost compensation and job benefits; and (9) an award of compensatory, nominal and punitive damages to Named Plaintiffs. Dkt. 37, at 20-21.

### 2. *Rule 23(b)(2)*

Plaintiffs argue that their class claims should be certified pursuant to Rule 23(b)(2) as they only seek injunctive relief on behalf of the class, and not money damages, and thereby money damages would not predominate. Dkt. 42, at 13 ("there are no money damages requested for that class") However, Plaintiffs' Second Amended Complaint, Dkt. 37, specifically requests, "as award of back pay, front pay, lost benefits, preferential rights to jobs and other damages for ***lost compensation*** and job benefits suffered by ***the Plaintiffs and the class*** to be determined at trial." Dkt. 37, at ¶ I (emphasis added). Plaintiffs also request "an award of ***compensatory, nominal and punitive damages*** to ***Named Plaintiffs and the class*** to be determined at trial." *Id.*, at ¶ K (emphasis added).

Plaintiffs assert that injunctive relief would apply only to the approximately fifteen class members who returned to work after the layoff, whom they propose be

14

certified as a subclass, leaving approximate thirty-five individuals as members of the class who did not return to work, who would still be eligible for monetary relief. Dkt. 42, at 13 (stating "at the proper time, the Court can certify a (b)(2) injunction class or subclass that only provides the relief of preventing Defendants from having another race-based test or general policy of discrimination and inflicting it on Black employees. That sub-class would be comp[o]sed of the 15 or so class members that were rehired as a remedial measure once Defendants realized they were being accused of a discriminatory mass firing.")

Rule 23(b)(2) allows a court to certify a class when the requirements of Rule 23(a) are satisfied and the defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive or corresponding declaratory relief is appropriate respecting that class as a whole." Fed. R. Civ. P. 23(b)(2). District courts may certify both a 23(b)(2) class for the portion of the case concerning injunctive and declaratory relief and a 23(b)(3) class for the portion of the case requesting monetary damages. *See* Newberg on Class Actions § 4:38 (5th ed. 2017).

Despite their allegations to the contrary, Plaintiffs still seek primarily monetary relief on behalf of all the individuals in the alleged class, including the purported subclass of those who returned to work, those who did not, and the named Plaintiffs. Additionally, a portion of the requested injunctive relief would not apply to individuals who had not returned to work, and another portion would not apply to those who had. This makes a "hybrid class" inappropriate. The injunctive relief, if granted, would not apply to all.

Plaintiffs try to avoid Rule 23(b)(2)'s prohibition on claims for individualized relief by petitioning the District Court to order the defendant to craft different injunctive relief for separate classes of Plaintiffs. If individualized injunctive relief is sought, Rule 23(b) certification is improper. *See Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 499 (7th Cir. 2012) (holding that proposed injunctive relief did not satisfy Rule 23(b)(2) when the district court's order would merely initiate a process through which highly individualized determinations of remedies were made). Accordingly, because of the requested creation of subclasses necessitating individualized relief, including injunctive relief, the undersigned finds that the proposed class's underlying claims allege individual injuries that are not uniform across the class. The proposed class, therefore, lacks cohesiveness to proceed as a 23(b)(2) class. *See Wal-Mart*, 564 U.S. at 360 ("Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class."); *Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 524-25 (5th Cir. 2007); (holding district court did not abuse its discretion in denying class certification under Rule 23(b)(2) because "individualized issues here overwhelm class cohesiveness").

Plaintiffs also seek monetary relief for every member of the class, including for those whom they claim they only seek injunctive relief. The Supreme Court in *Wal-Mart v. Dukes* held that "claims for monetary relief ... may not [be certified under Rule 23(b)(2)], at least where ... the monetary relief is not incidental to the injunctive or declaratory relief." 564 U.S. at 360. The Court reasoned:

> at a minimum, claims for individualized relief (like the backpay at issue here) do not satisfy the Rule.... Rule 23(b)(2) applies only when a single

16

> injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant. Similarly, it does not authorize class certification when each class member would be entitled to an individualized award of monetary damages.

*Id.* Back pay is not incidental to declaratory or injunctive relief, and therefore because in their pleadings Plaintiffs continue to request back pay on behalf of all individuals in the purported class and subclass, they cannot plead certification of a subclass pursuant to Rule 23(b)(2). *Id.*; *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 415 (5th Cir. 1998) (finding damages are incidental only if they flow "directly from liability to the class as a whole on the claims forming the basis of the injunctive or declaratory relief").

Also, in asserting that the Court may identify subclasses to whom different injunctive or declaratory relief is afforded, Plaintiffs fail to plead that the proposed class is sufficiently cohesive. *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 847 (5th Cir. 2012) ("[A]s currently pleaded, the proposed class lacks cohesiveness to proceed as a 23(b)(2) class."); *In re Vioxx Products Liability Litigation*, No. MDL 1657, 2008 WL 4681368, *11 (E.D. La. 2008) ("'While 23(b)(2) class actions have no predominance or superiority requirements, it is well established that the class claims must be cohesive.'") (quoting *Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 143 (3d Cir. 1998)).

Plaintiffs have failed to adequately plead a basis for class certification pursuant to Rule 23(b)(2).

### 3. *Rule 23(b)(3)*

Turning to Rule 23(b)(3), Plaintiffs must adequately plead a basis to satisfy Rule 23(b)(3)'s predominance and superiority elements. *Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005); Fed. R. Civ. P. 23(b)(3). "The predominance requirement tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Torres v. S.G.E. Mgmt., L.L.C.*, 838 F.3d 629, 636 (5th Cir. 2016) (en banc) (internal citations omitted). The goal of this process is to "prevent[ ] the class from degenerating into a series of individual trials." *I Madison v. Chalmette Refining, LLC,* 637 F.3d 551, 555 (5th Cir. 2011) (internal quotations omitted). To predominate, "common issues must constitute a significant part of the individual cases." *Mullen,* 186 F.3d at 626.

The undersigned embraces the "cohesiveness" analysis above in regard to the Rule 23(b)(2) claim. Additionally, in this case, Plaintiffs request compensatory and punitive damages for the individual Plaintiffs, the class, and the purported subclass, including back pay, front pay, lost benefits, preferential rights to jobs, and other damages for lost compensation on behalf of the class. Dkt. 37, at ¶ 9. This requested remedy necessitates individualized monetary relief, and thus common issues do not predominate sufficient to state a class action pursuant to Rule 23(b)(3). *Allison*, 151 F.3d at 415.

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court: **GRANT** Defendants' Partial Motion to

Dismiss Plaintiffs' Amended Complaint for Failure to State a Claim, Dkt. 41, and **DISMISS WITH PREJUDICE**[5] Plaintiffs' class claims of discrimination. Plaintiffs Michel and Louis's individual discrimination claims remain pending. The referral in this case is **CANCELED**.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED April 10, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

---

[5] The undersigned finds that dismissal with prejudice is appropriate as Plaintiffs have already been granted leave to amend, and have again failed to adequately plead their class claims. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (holding that a district court may dismiss with prejudice without giving leave to amend if it determines that the plaintiff has plead his "best case").