# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CLIFFORD MICHEL and<br>GUERDA LOUIS,<br><br>Individually and on Behalf of Others<br>Similarly Situated<br><br>      Plaintiffs,<br><br>vs.<br><br>WORKRISE TECHNOLOGIES INC.,<br>HCS RENEWABLE ENERGY LLC, and<br>ROBERT BURNS<br><br>      Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:21-cv-681-LY<br><br><br>JURY DEMANDED |

**DEFENDANT HCS RENEWABLE ENERGY LLC'S ANSWERS AND OBJECTIONS <u>TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT</u>**

TO:    Plaintiff, Clifford Michel and Guerda Louis, et al., by and through their attorneys of record Brian P. Sanford and Elizabeth "BB" Sanford, THE SANFORD FIRM, 1910 Pacific Avenue, Suite 15400, Dallas, Texas 75201

Defendant HCS Renewable Energy LLC ("HCS" or "Defendant") serves the following Answers and Objections to Plaintiff's First Set of Interrogatories to Defendant in accordance with the FEDERAL RULES OF CIVIL PROCEDURE. Defendant has not yet concluded its investigation and discovery in this matter but has made a diligent and good faith effort to obtain information with which to respond to these Interrogatories. Accordingly, these answers are made without prejudice to Defendant's right to amend or supplement these answers pursuant to Rule 26(e) of the FEDERAL RULES OF CIVIL PROCEDURE or to introduce additional evidence at trial in this case.

## **OBJECTIONS TO PLAINTIFF'S DEFINITIONS AND INSTRUCTION**

1. Defendant objects to the definition of the terms "defendant," "you," "your," or Defendant's full or abbreviated name in any manner to the extent Plaintiff seeks information protected from disclosure by the attorney/client communications privilege, the attorney work product privilege, and/or the party communications privilege in anticipation of litigation. Defendant further objects to the definitions to these terms to the extent they are overbroad, unduly burdensome, not sufficiently limited and/or unlimited in time and scope, and seek information not relevant or reasonably calculated to lead to the discovery of admissible evidence.

2. Defendant objects to the definition of the term "identify" in reference to an individual or document to the extent Plaintiff seeks information protected from disclosure by the attorney/client communications privilege, the attorney work product privilege, and/or the party communications privilege in anticipation of litigation. Defendant further objects to this definition to the extent it exceeds, enlarges, or modifies the scope of permissible discovery under the FEDERAL RULES OF CIVIL PROCEDURE, seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence, seeks highly personal and/or confidential information concerning past and/or present employees of Defendant other than Plaintiff, and regarding information in which such individuals may have a reasonable expectation of privacy. As such, Defendant objects to this definition to the extent it invades and violates the constitutionally protected rights and privileges of persons who are not parties to this lawsuit.

3. Defendant objects to the definition of "document" to the extent it seeks information protected from disclosure by the attorney/client communications privilege, attorney work product privilege, and/or the party communications privilege in anticipation of litigation. Defendant further

objects to this definition to the extent it exceeds, enlarges, or modifies the scope of permissible discovery under the FEDERAL RULES OF CIVIL PROCEDURE.

   4. Defendant objects to the other definitions and instructions by Plaintiff to the extent they exceed, enlarge, or modify the scope of permissible discovery under the FEDERAL RULES OF CIVIL PROCEDURE.

## INTERROGATORIES

**INTERROGATORY No. 1:**

The number of African American, Black, Carribbean, and Hatian persons employed at any time during the period of December 10, 2015, to the present.

**ANSWER:** Defendant objects to Interrogatory No. 1 on the basis that it seeks information that is not proportional to the needs of this case and during a timeframe that is not temporally proximate to the allegations in Plaintiffs' Complaint nor the dates upon which Plaintiffs Guerda Louis and Clifford Michel performed services on behalf of HCS Renewable Energy LLC. Defendant also objects to Interrogatory No. 1 on the basis that currently before the Court is Defendant's motion to dismiss Plaintiffs' class allegations and, at this time, this matter has not been certified for class-wide treatment. Accordingly, Interrogatory No. 1 seeks information that is overbroad and not relevant to the claims and defenses in this action. Subject to the foregoing objections and the general objection, upon information and belief, Defendant identifies Plaintiffs Louis and Michel.

**INTERROGATORY No. 2:**

For each person included in the number given in response to Interrogatory No. 1, please identify the name, address, telephone number, positions held, dates of employment, and reasons for termination if no longer employed.

**ANSWER:** Defendant refers Plaintiffs to its response and objections to Interrogatory No. 1. Subject to the foregoing, Plaintiffs are in possession of information responsive to Interrogatory No. 1 as they are aware of their name, address, telephone number, the positions they held and employment with HCS Renewable Energy LLC and the reasons for their separation. Further responding, however, Plaintiff Michel was employed by HCS Renewable Energy LLC in the position of Racking Module 1 from approximately February 1, 2020 until May 12, 2020. Plaintiff Louis was employed by HCS Renewable Energy LLC in the position of Racking Module 1 from approximately November 14, 2019 until May 12, 2020. During their respective terms of employment, Plaintiffs Louis and Michel provided services at HCS Renewable Energy LLC's Rambler Solar Site located in Tom Green County. They were excused from the Rambler Site on or about May 12, 2020 as part of a reduction in force. Thereafter, Plaintiffs Louis and Michel were offered subsequent employment immediately after their terminations, which they did not accept.

**INTERROGATORY No. 3:**

Please identify and describe all other formal or informal complaints of discrimination asserted against Defendant for the last 10 years, and for each, provide:
    the name, address, and telephone number of complainant;
    the name(s) of persons against whom the complaint was made;
    the job titles and departments of persons complaining and the persons against whom the complaint was made;
    the date of complaint;
    the description of alleged discrimination or retaliation; and

the outcome of the complaint, proceedings, settlement, or agreement.

**ANSWER**: Defendant objects to Interrogatory No. 3 on the basis that it seeks information that is not proportional to the needs of this case and during a timeframe that is not temporally proximate to the allegations in Plaintiffs' Complaint nor the dates upon which Plaintiffs Guerda Louis and Clifford Michel performed services on behalf of HCS Renewable Energy LLC. Defendant further objects to Interrogatory No. 3 on the basis that "formal and informal complaints" are not defined and, therefore, Interrogatory No. 3 is vague as drafted.  Defendant also objects to Interrogatory No. 3 on the basis that it seeks information that is overbroad and not relevant to the claims and defenses in this action. Subject to the foregoing objections and the general objections, Plaintiff Michel complained of alleged discrimination after he was excused from the Rambler Site in May 2020. Further responding, see Plaintiff Michel's post-employment complaint emails, which will be produced at a timeframe agreed-upon between the parties.

**INTERROGATORY No. 4:**

Please state whether Defendant has ever been involved in any other litigation, during the past ten (10) years, pertaining to allegations of unlawful retaliation. If so, please provide:
> the names of the parties and their attorneys;
> the nature of the claims asserted;
> a description of the factual circumstances; and
> the status or outcome of the proceedings.

**ANSWER:** Defendant objects to Interrogatory No. 4 on the basis that it seeks information that is not proportional to the needs of this case and during a timeframe that is not temporally proximate to the allegations in Plaintiffs' Complaint nor the dates upon which Plaintiffs Guerda Louis and Clifford Michel performed services on behalf of HCS Renewable Energy LLC. Defendant also objects to Interrogatory No. 4 on the basis that it seeks information that is overbroad and not relevant to the claims and defenses in this action. Subject to the foregoing objections and the general objection, Plaintiff Michel and Plaintiff Louis filed a complaint styled *Clifford Michel and Guerda Louis, Individually and on Behalf of Others Similarly Situated v. Workrise Technologies Inc., HCS Renewable Energy LLC, and Robert Burns*, in the United States District Court for the Western District of Texas Austin Division.

**INTERROGATORY No. 5:**

Please describe the relationship between Workrise Technologies and HCS Renewable Energy LLC.

**ANSWER:** HCS Renewable Energy LLC is a wholly owned subsidiary of Workrise Technologies Inc.

**INTERROGATORY No. 6:**

Please state the net worth of HCS.

**ANSWER:**  Defendant objects to Interrogatory No. 6 on the basis that it seeks information that is not relevant to the claims or defenses in this action.

Respectfully submitted,

By: /s/ *Rachel Z. Ullrich*
Rachel Z. Ullrich
Texas Bar No. 24003234
rullrich@fordharrison.com
David R. Anderson
Texas Bar No. 24128388
danderson@fordharrison.com

**FORD & HARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas 75201
Telephone: (214) 256-4700
Facsimile:  (214) 256-4701

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the above and foregoing ***Defendant HCS Renewable Energy LLC's Answers and Objections to Plaintiffs' First Set of Interrogatories to Defendant*** to be served via Email to Plaintiff's counsel of record as listed below, on this 16th day of May 2022:

Brian Sanford
bsanford@sanfordfirm.com
Elizabeth "BB" Sanford
esanford@sanfordfirm.com

**THE SANFORD FIRM**
1910 Pacific Ave., Suite 15400
Dallas, TX 75201
Ph:  (214) 717-6653
Fax: (214) 919-0113

William W. Cowles, II
wcowles@Mcande.com
Samual O. Maduegbuna
sam.m@mcande.com

**MADUEGBUNA COOPER LLP**
Attorneys for Plaintiffs
30 Wall Street, 8th Floor
New York, NY 10005
(212) 232-0155

                                                        */s/Rachel Z. Ullrich*
                                                        Rachel Z. Ullrich

## VERIFICATION OF KELLY HAWKINS

STATE OF OKLAHOMA §
§
COUNTY OF OKMULGEE §

BEFORE ME, the undersigned authority, on this day personally appeared Kelly Hawkins, who being first duly sworn, deposed and stated as follows:

My name is Kelly Hawkins. I am a Senior Specialist of Worker Relations at Workrise Technologies, Inc. I have read the foregoing answers to Defendant HCS Renewable Energy LLC's Answers and Objections to Plaintiffs' First Set of Interrogatories to Defendant, and they are true and correct to the best of my personal knowledge and information.

Further Affiant sayeth naught.

Kelly Hawkins

*/s/ Kelly Hawkins*

SWORN TO AND SUBSCRIBED before me on this 16th day of May, 2022.

*/s/ Kayce Brown*
Notary Public in and for the State of Oklahoma

My Commission Expires:
February 6, 2024



OFFICIAL SEAL
KAYCE BROWN
NOTARY PUBLIC OKLAHOMA
OKMULGEE COUNTY
COMM. NO. 20001714 EXP. 2/6/24

KELLY HAWKINS VERIFICATION – HCS RENEWABLE ENERGY LLC
WSACTIVELLP:13121283.1