# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CLIFFORD MICHEL and** | § | |
| **GUERDA LOUIS,** | § | |
| | § | |
| **Individually and on Behalf of Others** | § | |
| **Similarly Situated** | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. 1:21-cv-681-LY |
| | § | |
| vs. | § | |
| | § | **JURY DEMANDED** |
| **WORKRISE TECHNOLOGIES INC.,** | § | |
| **HCS RENEWABLE ENERGY LLC, and** | § | |
| **ROBERT BURNS** | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT HCS RENEWABLE ENERGY LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

TO:   Plaintiff, Clifford Michel and Guerda Louis, et al., by and through their attorneys of record Brian P. Sanford and Elizabeth "BB" Sanford, The Sanford Firm, 1910 Pacific Avenue, Suite 15400, Dallas, Texas 75201

Pursuant to the FEDERAL RULES OF CIVIL PROCEDURE, Defendant HCS Renewable Energy LLC ("HCS" or "Defendant") by and through the undersigned counsel, serves its Responses to Plaintiffs' First Request for Production of Documents to Defendant, and states as follows:

### PRELIMINARY STATEMENT

1.   Defendant has not yet completed its discovery relating to this case, and its investigation of the facts is continuing and will continue to and through the trial of this action as required. Defendant's responses to Plaintiff's First Request for Production of Documents are therefore made without prejudice to Defendant's right to introduce any and all documents and other evidence of any kind at the trial of this action.

2.   Defendant has responded to Plaintiff's First Request for Production of Documents as it interprets and understands each Request made therein. If Plaintiff subsequently asserts an interpretation of any Request that differs from the understanding of Defendant, then Defendant reserves the right to supplement its objections and/or responses.

3. Any statement that Defendant will produce any or all documents in response to any Request does not constitute a representation that Defendant possesses any such documents, or that such documents exist.

4. Each Response herein is made subject to all appropriate objections (including, but not limited to, objections concerning competency, relevance, materiality, propriety, and admissibility), which would require the exclusion of any information or thing at the time of trial. All such objections and grounds therefore, are reserved and may be interposed at the time of trial.

5. No admission of any nature whatsoever is to be implied or inferred from these Responses. The fact that Defendant has responded to a Request should not be taken as an admission, or a concession of the existence, of any fact set forth or assumed by such Request, or that such Response constitutes evidence of any fact thus set forth or assumed.

6. All Responses must be construed as given on the basis of present recollection.

7. Defendant's responses herein to Plaintiff's First Request for Production of Documents are for itself and for no other person or entity.

8. Defendant objects to the production of any responsive documents identified herein until the parties agree on a mutually agreeable date upon which to exchange information responsive to the parties' respective written discovery requests.

## OBJECTIONS TO PLAINTIFFS' DEFINITIONS AND INSTRUCTION

1. Defendant objects to the definition of the term "Defendant" to the extent it seeks information protected from disclosure by the attorney/client privilege, the work product privilege and/or the party communications privilege. Defendant further objects to this definition to the extent it is overbroad and unlimited in time and scope.

2. Defendant objects to the definition of "document" to the extent it seeks information protected from disclosure by the attorney/client privilege, work product privilege and/or the party communications privilege in anticipation of litigation. Defendant further objects to this definition to the extent it exceeds, enlarges, or modifies the scope of permissible discovery under the FEDERAL RULES OF CIVIL PROCEDURE.

3. Defendant objects to all other of Plaintiffs' definitions and instructions to the extent they exceed, enlarge, or modify the scope of permissible discovery under the FEDERAL RULES OF CIVIL PROCEDURE.

4. Defendant objects to all of Plaintiffs' Requests for Production to the extent they are overbroad, unduly burdensome, vague, or infringe upon the attorney-client privilege or work-product doctrine.

5. Defendant objects to all of Plaintiffs' Requests for Production to the extent they require Defendant to produce documents that are, at this time, responsive to class-wide claims raised by Plaintiffs as currently before the Court is a motion to dismiss Plaintiff's class-wide claims.

6. Defendant objects to all of Plaintiffs' Requests for Production to the extent they require Defendant to produce documents that are confidential or proprietary to Defendant or that identify, bear upon, or concern individuals other than Plaintiffs Louis and Michel. Without waiving any of the foregoing or subsequent objections, Defendant objects to the production of any such information until, at a minimum, an appropriate protective order is entered.

7. Defendant will produce responsive non-privileged documents at a time period agreed upon between the parties.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.:** All of HCS employee policies or manuals in effect at any time from December 10, 2015, to the present, including supervisor manuals, employee handbooks, summary plan descriptions, welfare benefit plans, pension benefit plans, and 401K plans.

**RESPONSE:** Defendant objects to Request No. 1 to the extent it requests documents that are not proportional to the needs of the case. Defendant objects to Request No. 1 to the extent it requests documents that exceed the temporal and geographic scope of Plaintiff Louis and Michel's employment with HCS Renewable Energy LLC and/or the allegations set forth in the Complaint. Subject to the foregoing objection, Defendant will produce relevant policies and relevant manuals that were in effect during Plaintiff Louis and Michel's employment with HCS Renewable Energy LLC.

**REQUEST FOR PRODUCTION NO. 2.:** All training material for human resource representatives and managers for completing performance reviews of employees.

**RESPONSE:** Defendant objects to Request No. 2 on the basis that it seeks information that is not relevant to the claims or defenses in this case as Plaintiffs Louis and Michel were not removed from the Rambler Site for performance reasons. Defendant also objects to Requests No. 2 to the extent it seeks information protected by the attorney-client privilege. Subject to the foregoing objections, and the general objections, Defendant will produce relevant training material for its human resources representatives and managers in effect during Plaintiff Louis and Michel's employment with HCS Renewable Energy LLC, to the extent such information exists.

**REQUEST FOR PRODUCTION NO. 3.:** All training material for human resource representatives and managers in investigation procedures of discrimination and retaliation claims at HCS including documents showing the qualifications of the trainers.

**RESPONSE:** Defendant objects to Request No. 3 on the basis that it seeks information that is not proportional to the needs of the case in that it asks for all training material without respect to any geographic or temporal limitation and, therefore, is overly broad and unduly burdensome. Defendant also objects to Requests No. 3 to the extent it seeks information protected by the attorney-client privilege. Subject to the foregoing objections and the general objection, Defendant will produce material for the relevant human resources representatives and managers in effect during Plaintiff Louis and Michel's employment with HCS Renewable Energy LLC, to the extent such information exists.

**REQUEST FOR PRODUCTION NO. 4.:**  HCS guidelines and procedures for document and data retention and destruction in effect at any time during the period of December 10, 2015, to the present.

**RESPONSE:** Defendant objects to Request No. 4 on the basis that it seeks documents that exceed the temporal and geographic proximity of Plaintiff Louis and Michel's employment with HCS Renewable Energy LLC and, further, the allegations set forth in the Complaint. Subject to the foregoing objections, and the general objections, Defendant will produce any documents responsive to Request No. 4 during the time period in which Plaintiff Louis and Michel were employed by HCS Renewable Energy LLC and for which the allegations in the Complaint are founded.

**REQUEST FOR PRODUCTION NO. 5.:**  HCS policies, guidelines, and procedures for preventing discrimination and retaliation in effect at any time during the period of December 10, 2015, to the present.

**RESPONSE:** Defendant objects to Request No. 5 on the basis that it seeks documents that exceed the temporal and geographic proximity of Plaintiff Louis and Michel's employment with HCS Renewable Energy LLC and, further, the allegations set forth in the Complaint. Subject to the foregoing objections, and the general objections, Defendant will produce documents responsive to Request No. 5 during the time period in which Plaintiff Louis and Michel were employed by HCS Renewable Energy LLC and for which the allegations in the Complaint are founded.

**REQUEST FOR PRODUCTION NO. 6.:**  HCS policies, guidelines, and procedures for correcting discrimination and retaliation in effect at any time during the period of December 10, 2015, to the present.

**RESPONSE:** Defendant objects to Request No. 6 on the basis that it seeks documents that exceed the temporal and geographic proximity of Plaintiff Louis and Michel's employment with HCS Renewable Energy LLC and, further, the allegations set forth in the Complaint. Subject to the foregoing objections, and the general objections, Defendant will produce documents responsive to Request No. 6 for the time period in which Plaintiff Louis and Michel were employed by HCS Renewable Energy LLC and for which the allegations in the Complaint are founded.

**REQUEST FOR PRODUCTION NO. 7.:** All documents and correspondence that mention or refer to any complaints of discrimination or retaliation filed by employees from January 1, 2015, to the present, including investigation files, witness statements, documents showing any resolution of complaints, logs of complaint, and any analysis of the frequency, type, or outcome of complaints.

**RESPONSE:** Defendant objects to Request No. 7 on the basis that it seeks documents that exceed the temporal and geographic proximity of Plaintiff Louis and Michel's employment with HCS Renewable Energy LLC and, further, the allegations set forth in the Complaint. Defendant further

objects to Requests No. 7 as it seeks overly broad information having nothing to do with the claims and defenses in this case and, therefore, seeks irrelevant information. Defendant also objects to Request No. 7 on the basis that currently before the Court is Defendant's motion to dismiss Plaintiffs' class allegations and at this time this matter has not been certified for class-wide treatment. Subject to the foregoing objections, and the general objections, Defendant will produce documents responsive to Request No. 7 that pertain to any complaints of discrimination or retaliation submitted by Plaintiff Michel or Plaintiff Louis, if any.

**REQUEST FOR PRODUCTION NO. 8.:** All documents and correspondence that mention or refer to any suits filed by employees from January 1, 2015, to the present.

**RESPONSE:** Defendant objects to Request No. 8 on the basis that it seeks documents that exceed the temporal and geographic proximity of Plaintiff Louis and Michel's employment with HCS Renewable Energy LLC and, further, the allegations set forth in the Complaint. Defendant further objects to Requests No. 8 as it seeks overly broad information having nothing to do with the claims and defenses in this case and, therefore, seeks irrelevant information. Defendant also objects to Request No. 8 to the extent it seeks documents protected by the attorney-client privilege or work-product doctrine. Subject to the foregoing objections, and the general objections, Defendant will produce documents responsive to Request No. 8 that pertain to the instant lawsuit brought by Plaintiff Louis and Plaintiff Michel.

**REQUEST FOR PRODUCTION NO. 9.:** All documents containing or referring to any report, study, or compilation of numbers or percentages of employees by race in job assignments, positions, management positions or other classifications, distribution of employees among jobs, promotion rate of employees, or pay levels of employees and any plans or goals to change the number or percentage of these employees.

**RESPONSE:** Defendant objects to Request No. 9 on the basis that it is not limited by temporal or geographic proximity. Defendant also objects to Requests No. 9 on the basis that it seeks overly broad information having nothing to do with the claims and defenses in this case and, therefore, seeks irrelevant information. Defendant also objects to Request No. 9 to the extent it seeks documents protected by the attorney-client privilege or work-product doctrine. Subject to the foregoing objections, and the general objections, Defendant will produce its 2020 EEO-1 Report.

**REQUEST FOR PRODUCTION NO. 10.:** All documents defining or describing job descriptions, including job qualifications, job duties and responsibilities, essential job functions, job analyses, and job codes, for all Module Installers or AQ/QC Technicians positions in the United States, in effect at any time during the period of December 10, 2015, to the present.

**RESPONSE:** Defendant objects to Request No. 10 on the basis that it seeks documents that exceed the temporal and geographic proximity of Plaintiff Louis and Michel's employment with HCS Renewable Energy LLC and, further, the allegations set forth in the Complaint. Defendant further objects to Requests No. 10 as it seeks overly broad information having nothing to do with the

claims and defenses in this case and, therefore, seeks irrelevant information. Defendant also objects to Request No. 10 to the extent it seeks documents protected by the attorney-client privilege or work-product doctrine. Subject to the foregoing objections, and the general objections, Defendant will produce job descriptions applicable to Michel or Louis during the time period in which Plaintiff Louis and Michel were employed by HCS Renewable Energy LLC and for which the allegations in the Complaint are founded.

**REQUEST FOR PRODUCTION NO. 11.:** All documents identifying employees who held Module Installer positions, at any time during the period of December 10, 2015, to the present.

**RESPONSE:** Defendant objects to Request No. 11 on the basis that it seeks documents that exceed the temporal and geographic proximity of Plaintiff Louis and Michel's employment with HCS Renewable Energy LLC and, further, the allegations set forth in the Complaint. Defendant further objects to Requests No. 11 as it seeks overly broad information having nothing to do with the claims and defenses in this case and, therefore, seeks irrelevant information. Defendant also objects to Request No. 11 on the basis that currently before the Court is Defendant's motion to dismiss Plaintiffs' class allegations and at this time this matter has not been certified for class-wide treatment. Subject to the foregoing objections, and the general objections, Defendant will produce documents pertaining to Plaintiff Louis and Michel, if any such documents exist.

**REQUEST FOR PRODUCTION NO. 12.:** All documents identifying African American, Black, Caribbean, and Hattian employees employed at HCS, at any time during the period of December 10, 2015, to the present

**RESPONSE:** Defendant objects to Request No. 12 on the basis that it seeks documents that exceed the temporal and geographic proximity of Plaintiff Louis and Michel's employment with HCS Renewable Energy LLC and, further, the allegations set forth in the Complaint. Defendant further objects to Requests No. 12 as it seeks overly broad information having nothing to do with the claims and defenses in this case and, therefore, seeks irrelevant information. Defendant also objects to Request No. 12 on the basis that currently before the Court is Defendant's motion to dismiss Plaintiffs' class allegations and at this time this matter has not been certified for class-wide treatment. Subject to the foregoing objections, and the general objections, Defendant will produce responsive documents pertaining to Plaintiff Louis and Michel.

**REQUEST FOR PRODUCTION NO. 13.:** All communications between any employees in HCS human resource department and any managers concerning any termination of employment, layoff, or promotion of any African American, Black, Caribbean, or Hattian employees, during the period of December 10, 2015, to the present.

**RESPONSE:** Defendant objects to Request No. 13 on the basis that it seeks documents that exceed the temporal and geographic proximity of Plaintiff Louis and Michel's employment with HCS Renewable Energy LLC and, further, the allegations set forth in the Complaint. Defendant further objects to Requests No. 13 as it seeks overly broad information having nothing to do with the

claims and defenses in this case and, therefore, seeks irrelevant information. Defendant also objects to Request No. 13 on the basis that currently before the Court is Defendant's motion to dismiss Plaintiffs' class allegations and at this time this matter has not been certified for class-wide treatment. Subject to the foregoing objections, and the general objections, Defendant will produce responsive documents pertaining to the reduction in force at the Rambler Site in approximately May 2020.

**REQUEST FOR PRODUCTION NO. 14.:** All documents describing or referring to any program to train employees for management positions, including policies, recruitment-related documents and criteria, and any database or list that identifies or provides statistical or demographic information about applicants for, participants in, or nominees to such programs.

**RESPONSE:** Defendant objects to Request No. 14 on the basis that it seeks documents that exceed the temporal and geographic proximity of Plaintiff Louis and Michel's employment with HCS Renewable Energy LLC and, further, the allegations set forth in the Complaint. Defendant further objects to Requests No. 14 as it seeks overly broad information having nothing to do with the claims and defenses in this case and, therefore, seeks irrelevant information.

**REQUEST FOR PRODUCTION NO. 15.:** All policies, procedures, and manuals for reporting discrimination and retaliation in effect at any time during the period of December 10, 2015, to the present.

**RESPONSE:** See Defendant's response to Request Nos. 5 and 6.

**REQUEST FOR PRODUCTION NO. 16.:** All policies, procedures, and manuals for investigating discrimination or retaliation complaints by employees in effect at any time during the period of December 10, 2015, to the present.

**RESPONSE:** See Defendant's response to Request Nos. 5 and 6.

**REQUEST FOR PRODUCTION NO. 17.:** All documents identifying, describing, or listing the various offices, regions, or divisions within HCS in the United States, including but not limited to, organization charts, lists of HCS locations, and telephone or email lists or directories.

**RESPONSE:** Defendant objects to Request No. 17 on the basis that it seeks information having nothing to do with the claims and defenses in this action. Defendant also objects to Request No. 17 to the extent it requests information protected by the attorney-client privilege or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 18.:** All documents showing promotions of individuals from December 10, 2015, to the present.

**RESPONSE:** Defendant objects to Request No. 18 on the basis that it seeks documents that exceed the temporal and geographic proximity of Plaintiff Louis and Michel's employment with HCS Renewable Energy LLC and, further, the allegations set forth in the Complaint. Defendant further objects to Requests No. 18 as it seeks overly broad information having nothing to do with the claims and defenses in this case and, therefore, seeks irrelevant information.

**REQUEST FOR PRODUCTION NO. 19.:** All documents of employee surveys or summaries of employee surveys that address, in whole or in part, employment practices and policies, discrimination, compensation, morale, management conduct, or employee interest or preference in advancement or transfer.

**RESPONSE:** Defendant objects to Request No. 19 on the basis that "surveys" and "summaries" are not defined and, therefore, Request No. 19 is vague. Defendant further objects to Request No. 19 on the basis that it seeks documents that exceed the temporal and geographic proximity of Plaintiff Louis and Michel's employment with HCS Renewable Energy LLC and, further, the allegations set forth in the Complaint. Defendant further objects to Requests No. 19 as it seeks overly broad information having nothing to do with the claims and defenses in this case and, therefore, seeks irrelevant information. Subject to the foregoing objections, and the general objections, Defendant is not in possession of documents responsive to Request No. 19.

**REQUEST FOR PRODUCTION NO. 20.:** All documents containing, describing, or referencing EEO reports, or studies of discrimination based on race, including any proposals to management to prevent or remedy any discrimination based on race.

**RESPONSE:** Defendant objects to Request No. 20 on the basis that "studies" is not defined and, therefore, Request No. 20 is vague. Defendant further objects to Request No. 20 on the basis that it seeks documents that exceed the temporal and geographic proximity of Plaintiff Louis and Michel's employment with HCS Renewable Energy LLC and, further, the allegations set forth in the Complaint. Defendant further objects to Requests No. 20 as it seeks overly broad information having nothing to do with the claims and defenses in this case and, therefore, seeks irrelevant information. Subject to the foregoing objections, and the general objections, Defendant will produce its 2020 EEO-1 Report.

**REQUEST FOR PRODUCTION NO. 21.:** All documents created by any employee of HCS including email correspondences, internal memoranda, letters, or notes, which discuss or refer to plans, guidelines, instructions, or policies for hiring at facilities in the United States during the period of December 10, 2015, to the present.

**RESPONSE:** Defendant objects to Request No. 21 on the basis that it seeks documents that exceed the temporal and geographic proximity of Plaintiff Louis and Michel's employment with HCS Renewable Energy LLC and, further, the allegations set forth in the Complaint. Defendant further objects to Requests No. 21 as it seeks overly broad information having nothing to do with the claims and defenses in this case and, therefore, seeks irrelevant information. Defendant also

objects to Request No. 21 on the basis that currently before the Court is Defendant's motion to dismiss Plaintiffs' class allegations and at this time this matter has not been certified for class-wide treatment. Subject to the foregoing objections, and the general objections, Defendant will produce relevant, responsive documents, if any, pertaining to its hiring practices at the Rambler Site in 2020.

**REQUEST FOR PRODUCTION NO. 22.:** All documents containing, describing, or enacting employee recruiting policies, practices, or procedures relating to hiring from within or outside HCS including job postings or vacancy announcements for all positions during the period of December 10, 2015, to the present.

**RESPONSE:** See Defendant's response to Request No. 21.

**REQUEST FOR PRODUCTION NO. 23.:** All documents that describe, identify, or discuss factors or criteria considered in the decision-making process for job selection and assignment, promotion, training, or transfers during the period of December 10, 2015, to the present. If the decision-making process varies by location, include all documents reflecting any variation.

**RESPONSE:** See Defendant's response to Request No. 21.

**REQUEST FOR PRODUCTION NO. 24.:** All documents created by any employee of HCS including email correspondences, internal memoranda, letters, or notes, which discuss or refer to plans, guidelines, instructions, or policies for layoffs or selection of employees for layoff at facilities in the United States during the period of December 10, 2015, to the present.

**RESPONSE:** Defendant objects to Request No. 24 on the basis that it seeks documents that exceed the temporal proximity of Plaintiff Louis and Michel's employment with HCS Renewable Energy LLC and, further, the allegations set forth in the Complaint. Defendant further objects to Requests No. 24 as it seeks overly broad information having nothing to do with the claims and defenses in this case and, therefore, seeks irrelevant information. Defendant also objects to Request No. 24 on the basis that currently before the Court is Defendant's motion to dismiss Plaintiffs' class allegations and at this time this matter has not been certified for class-wide treatment. Subject to the foregoing objections, and the general objections, Defendant will produce responsive documents, if any, pertaining to the layoff at the Rambler Site in 2020 in which Plaintiff Louis and Michel participated.

**REQUEST FOR PRODUCTION NO. 25.:** All personnel files and records of persons who held Module Installers or AQ/QC Technicians positions in the United States, at any time during the period of December 10, 2015, to the present, including but not limited to all performance evaluations, peer reviews, his or her compensation history, records of any awards or promotions earned, records of any disciplinary actions taken against him and records of his participation in health benefits and pension or retirement plans that were sponsored or offered by HCS.

**RESPONSE:** Defendant objects to Request No. 25 on the basis that it seeks documents that exceed the temporal proximity of Plaintiff Louis and Michel's employment with HCS Renewable Energy LLC and, further, the allegations set forth in the Complaint. Defendant further objects to Requests No. 25 as it seeks overly broad information having nothing to do with the claims and defenses in this case and, therefore, seeks irrelevant information. Defendant also objects to Request No. 25 on the basis that currently before the Court is Defendant's motion to dismiss Plaintiffs' class allegations and at this time this matter has not been certified for class-wide treatment. Subject to the foregoing objections, and the general objections, Defendant will produce Plaintiff Louis and Michel's personnel files, including termination forms, in its possession.

**REQUEST FOR PRODUCTION NO. 26.:** All termination forms or other forms that were completed as part of the process to effectuate termination of employment of persons who held Module Installers or AQ/QC Technicians positions in the United States, during the period of December 10, 2015, to the present.

**RESPONSE:** See Defendant's response to Request No. 25.

**REQUEST FOR PRODUCTION NO. 27.:** All written or recorded statements made of any agent, employee, or representative of Defendant, past or present relating to any factual or legal accusation made in the Lawsuit.

**RESPONSE:** Defendant objects to Request No. 27 to the extent it seeks documents protected by the attorney-client privilege or work-product doctrine. Defendant also objects to Request No. 27 on the basis that "written and recorded statements" is not defined and, therefore, Request 27 is vague. Subject to the foregoing objections and the general objections, Defendant is not in possession of documents responsive to Request No. 27.

**REQUEST FOR PRODUCTION NO. 28.:** All documents exchanged between you and any person identified in Defendant's initial disclosures relating directly or indirectly to any claim asserted by Plaintiffs or answer by Defendants in the Lawsuit (including any emails, letters, personnel information, notes, comments, or recordings).

**RESPONSE:** Defendant objects to Request No. 28 to the extent it seeks documents protected by the attorney-client privilege or work-product doctrine. Defendant is withholding documents based on this privilege. Subject to the foregoing objections and the general objections, Defendant will produce relevant non-privileged communications responsive to requests No. 28.

**REQUEST FOR PRODUCTION NO. 29.:** All documents identified in Defendants' Rule 26 Initial Disclosures.

**RESPONSE:** Defendant will produce documents responsive to Request 29.

**REQUEST FOR PRODUCTION NO. 30.:** To the extent not produced in response to the foregoing requests, all documents HCS intends to use to support its argument against class certification.

**RESPONSE:** Defendant objects to Request No. 30 on the basis that currently before the Court is Defendant's motion to dismiss Plaintiffs' class allegations and, accordingly, production of documents responsive to Request 30 at this time would be unduly burdensome. Defendant also objects to Request No. 30 on the basis that discovery is ongoing. Further, Defendant objects to Request No. 30 to the extent it seeks documents protected by the attorney-client privilege and work-product doctrine.

    Respectfully submitted,

    By: /s/ *Rachel Z. Ullrich*
    Rachel Z. Ullrich
    Texas Bar No. 24003234
    rullrich@fordharrison.com
    David R. Anderson
    Texas Bar No. 24128388
    danderson@fordharrison.com

    **FORD & HARRISON LLP**
    1601 Elm Street, Suite 4450
    Dallas, Texas 75201
    Telephone: (214) 256-4700
    Facsimile:   (214) 256-4701

# CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the above and foregoing ***Defendant HCS Renewable Energy LLC's Responses and Objections to Plaintiffs' First Request for Production to Defendant*** to be served via Email to Plaintiff's counsel of record as listed below, on this 16th day of May 2022:

Brian Sanford
bsanford@sanfordfirm.com
Elizabeth "BB" Sanford
esanford@sanfordfirm.com

**THE SANFORD FIRM**
1910 Pacific Ave., Suite 15400
Dallas, TX 75201
Ph: (214) 717-6653
Fax: (214) 919-0113

William W. Cowles, II
wcowles@Mcande.com
Samual O. Maduegbuna
sam.m@mcande.com

**MADUEGBUNA COOPER LLP**
Attorneys for Plaintiffs
30 Wall Street, 8th Floor
New York, NY 10005
(212) 232-0155

                                                     *s/ Rachel Z. Ullrich*
                                                     Rachel Z. Ullrich

DEFENDANT HCS RENEWABLE ENERGY LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT – Page 13
WSACTIVELLP:13121955.1