IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CLIFFORD MICHEL** *et al.*, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action 1:21-cv-681 |
| **WORKRISE TECHNOLOGIES INC.** *et al.*, | § § § | |
| *Defendants.* | § § | |

## DEFENDANTS' MOTION FOR LEAVE TO SERVE REBUTTAL EXPERT REPORT

### I.  SUMMARY OF THE ARGUMENT

Defendants ask the Court to grant leave to serve their rebuttal expert report on or after December 26, 2023—the first business day after the conclusion of the scheduled briefing.[1] There is good cause for leave to allow Defendants to serve their rebuttal expert report because Defendants' current counsel did not receive Plaintiffs' expert's report until after the transition of counsel, which is why Defendants did not serve a rebuttal report alongside their rebuttal expert designation. Plaintiffs also have not and will not suffer prejudice, as Plaintiffs have not deposed any witnesses or engaged in any expert discovery to-date absent designation and service of a report.

### II.  FACTS

On June 2, 2023, the Court entered a Scheduling Order governing pre-trial deadlines. [Doc. 68.] Among other things, the Scheduling Order required that a party asserting claims for relief must have filed a testifying expert witness designation and serve the expert's Rule 26(a)(2)(B)

---

[1] Defendants were prepared to serve the report as early as December 14, 2023—the day after the Court's next scheduled status conference. After the Court invited the parties to include this issue in their Joint Motion for Entry of Modified Scheduling Order [Doc. 117] (the "Joint Motion") as part of the hearing scheduled for December 13, 2023, counsel for Plaintiffs agreed initially to include in that issue in the Motion for potential disposition on December 13, 2023. However, once counsel for Defendants sent the copy of Defendants' portion with that information, counsel for Plaintiffs withdrew their agreement (creating two weeks of delay), which necessitated the filing of this separate motion.

report on or before June 25, 2023. A party resisting claims for relief must have filed a designation of testifying rebuttal expert and serve the associated expert report on or before July 25, 2023.

On July 25, 2023, Defendants' undersigned counsel filed the Motion to Withdraw and Substitute Counsel (which Plaintiffs' counsel contested) to bring the undersigned counsel to the case. [Doc. 80.] At that time, Plaintiffs designated a testifying expert, Coneisha Sherrod. [Doc. 71.] Plaintiffs indicated the scope of Ms. Sherrod's testimony would be "*to provide insight, explanation, and opinions about employment practices, policies and procedure implemented, enforced, and overseen by corporate boards, officers, human resource managers, and supervisors.*" *Id.* Prior counsel for Defendants received a copy of Ms. Sherrod's expert report one day after the deadline on June 26, 2023.

Before the appearance of Defendants' current counsel, Plaintiffs only served Ms. Sherrod's expert report on Defendant's prior counsel via email—delinquent by one day. A copy of the report was not contained in the files transferred from Defendants' prior counsel to Defendants' current counsel. Because Defendants' current counsel was under the impression that Ms. Sherrod had not authored and Plaintiffs had not served an expert report containing her opinions, Defendants only designated a rebuttal expert witness, Jennifer Lee. [Doc. 81.] As Defendants understood, there was no expert report to rebut.

Counsel for Plaintiffs clarified Defendants' misunderstanding as the parties entered the most recent hearing addressing this very issue of scheduling.[2] The Court since granted Defendants' Motion to Continue Discovery and Dispositive Motion Deadlines. During the hearing on that motion and others, counsel and the Court addressed the need for scheduling the conclusion of discovery, including depositions, none of which had occurred.

---

[2] Attached as Exhibit A is the email exchange between counsel for Plaintiffs and counsel for Defendants on October 2, 2023, leaving out the attachments.

Since that hearing, the parties finalized a proposed pretrial schedule, submitting the Joint Motion to the Court, leaving this motion to address the service of the rebuttal expert report. Accordingly, Defendants ask the Court for leave to serve Ms. Lee's rebuttal expert report containing her opinions in accordance with Rule 26(a)(2)(B).

### III. LEGAL STANDARD

A party must disclose the opinions of its experts "at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). The Federal Rules of Civil Procedure require the disclosure of a retained expert must be accompanied by a written report prepared and signed by the witness that includes, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them." Where a scheduling order has been entered establishing deadlines for expert designations and reports, Federal Rule of Civil Procedure 16(b)(4) provides the standard for requests to amend after the scheduling order's deadline has expired. *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012); *Marathon Financial Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). "Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" *Marathon*, 591 F.3d at 470 (quoting FED. R. CIV. P. 16(b)); *see also Batiste v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2020).

"Rule 16(b) of the Federal Rules of Civil Procedure gives district courts broad discretion in enforcing the deadlines in their scheduling orders." *Batiste*, 976 F.3d at 500. To determine whether the moving party has established good cause, courts consider the following four factors:

(1) the explanation for the failure to timely comply with the deadline;
(2) the importance of the untimely evidence;
(3) potential prejudice in allowing the untimely evidence; and
(4) the availability of a continuance to cure such prejudice.

*See id.* (citing *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)).

## IV.   ARGUMENT AND AUTHORITIES

Each of the four good-cause factors weighs in favor of this Court granting leave to Defendants to serve Ms. Lee's rebuttal expert report.

First, Defendants have a reasonable and plausible explanation for untimeliness in serving Ms. Lee's rebuttal expert report. Defendants' current counsel was not involved in this case or representing Defendants on June 25, 2023—the deadline for Plaintiffs to designate a testifying witness and serve an expert report—or June 26, 2023, the date Plaintiffs served the report. Indeed, the motion to substitute counsel—which Plaintiffs contested unless Defendants agreed to never move a deadline—was filed on the day the rebuttal report would have been due. During the transition of the file, there was no expert report of Ms. Sherrod exchanged. Therefore, upon reviewing the materials received from Defendants' prior counsel, Defendants' current counsel was unaware that Plaintiffs served Ms. Sherrod's expert report. They were only aware she had been designated as a testifying expert. [Doc. 68.] Defendants' current counsel, therefore, promptly designated their rebuttal expert timely.

It was not until October 2, 2023, when Defendants' counsel learned of the existence of Ms. Sherrod's expert report, after Plaintiffs' counsel forwarded the original email (sent to Defendants' prior counsel Monday June 26, 2023) to Defendants' current counsel. *See* Exh. A. As quickly as practicable under the circumstances, Defendants identified the need to file the instant motion and have Ms. Lee prepare a rebuttal expert report. Since the most recent hearing, where the Court granted Defendants' Motion to Continue Discovery and Dispositive Motion Deadlines [Doc. 112], the parties have had numerous exchanges regarding the scheduling of the remainder of the case, including their dispute on the rebuttal expert report deadline in anticipation of the hearing to enter a new scheduling order set for December 13, 2023.

Second, Ms. Lee's rebuttal expert report is important to the issues and claims of Plaintiffs. Plaintiffs designated only one testifying expert, Ms. Sherrod. Plaintiffs' pursuit of their discrimination claims suggests they intend to rely heavily on Ms. Sherrod's testimony regarding how Defendants should have handled matters related to Plaintiffs' employment. Plaintiffs emphasized "standards" for general human resources policies, procedures, and processes to reduce or eliminate discrimination in the workplace. Rebuttal expert testimony from Ms. Lee, the human resources manager for the largest privately owned staffing company in Texas and Arizona, is important to responding to and rebutting Plaintiffs' expert's testimony. Defendants expect Ms. Lee to provide valuable insight, explanation, and opinion about employment practices, policies, and procedures implemented, enforced, and overseen in the staffing industry. The importance of Ms. Lee's rebuttal expert report weighs in favor of this Court granting leave to Defendants.

Third, Plaintiffs will suffer no prejudice if the Court grants the leave requested by Defendants. The Court is entering a new scheduling order and the parties have not engaged in expert discovery beyond designating testifying expert witnesses and rebuttal expert witnesses. The parties are in the process of scheduling expert depositions, which the parties expect will occur in January 2024. Defendants seek leave to serve Ms. Lee's rebuttal expert report well in advance of the anticipated expert depositions to give Plaintiffs adequate time to review the report and prepare for Ms. Lee's deposition. Relatedly, the parties are requesting a discovery deadline of March 2024. Therefore, Plaintiffs' receipt of Ms. Lee's rebuttal expert report in December gives more than sufficient time for Plaintiffs to engage in expert discovery—which they have not begun. Plaintiffs have not and will not suffer any prejudice by serving Ms. Lee's report.

Finally, even assuming Plaintiffs could articulate any prejudice, a continuance is theoretically available to cure. The parties are requesting discovery through March 2024 and a trial setting in July 2024, giving them more than adequate time to complete any expert discovery.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By: */s/ Brent D. Hockaday*
Alana K. Ackels
State Bar No. 24066760
aackels@bellnunnally.com
Jay M. Wallace
jwallace@bellnunnally.com
State Bar No. 20769200
Brent D. Hockaday
State Bar No. 24071295
bhockaday@bellnunnally.com
2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
(214) 740-1400 – Telephone
(214) 740-1499 – Facsimile

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2023, a true and correct copy of the foregoing was served, upon filing, via the Court's CM/ECF system upon those parties subscribing thereto to counsel of record as follows:

*/s/ Brent D. Hockaday*
Brent D. Hockaday