# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **CLIFFORD MICHEL, GUERDA LOUIS, RALPH FREDERIC,** *Plaintiffs* | § § § § | |
| | § | No. 1:21-CV-00681-DH |
| **v.** | § § | |
| **WORKRISE TECHNOLOGIES INC., HCS RENEWABLE ENERGY LLC, ROBERT BURNS,** *Defendants* | § § § § § | |

## SCHEDULING ORDER

The parties consented to the Magistrate Judge's conducting all remaining proceedings in the case and entering final judgment. Dkts. 85, 86. The District Judge then reassigned the case to the undersigned. Dkts. 109, 113. The Court then directed the parties to confer regarding the remaining deadlines and to file a joint proposed scheduling order. Dkt. 114. The Court set a hearing to dispose of any scheduling disputes identified in the joint filing. *Id*. At that hearing, the Court ruled on the scheduling disputes identified in the joint proposed scheduling order, Dkt. 117, as well as a dispute regarding Defendants' motion for leave to file a rebuttal expert report, Dkt. 118.

Pursuant to Rule 16, Federal Rules of Civil Procedure, the Court issues the following Scheduling Order governing the remaining deadlines in this case:

1

1. Defendants' designations of rebuttal experts shall be **FILED**, and the materials required by Fed. R. Civ. P. 26(a)(2)(B) for such rebuttal experts, to the extent not already served, shall be **SERVED**, on or before December 26, 2023.

2. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection, and identifying the objectionable testimony, within 14 days of receipt of the written report of the expert's proposed testimony, or within 14 days of the expert's deposition, if a deposition is taken, whichever is later.

3. The parties shall complete all discovery on or before March 4, 2024. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

4. All dispositive motions shall be filed no later than April 3, 2024.

5. This case is set for pretrial conference on August 1, 2024, at 10:00 a.m. and set for jury trial on August 5, 2024, at 9:00 a.m.

6. The parties should consult Local Rule CV-16 regarding matters to be filed in advance of trial. The parties, however, are exempted from that portion of Local Rule CV-16 requiring that seven days prior to trial they file "a list disclosing any objections, together with the grounds therefore, that may be made to the admissibility of any exhibits." In lieu of that requirement, the Court **ORDERS** that, after receiving the final exhibit list, the parties confer with each other to discuss, and resolve, if possible, any objections they may have to each other's exhibits. The Court further

**ORDERS** that the parties be prepared to inform the Court at the final pretrial conference of the exhibits to which there is no objection, and the exhibits to which objections remain for resolution by the Court. The Court will determine at the final pretrial conference whether to address at that time any evidentiary issues which may remain, or to reserve those matters for the trial.

**SIGNED** on December 13, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE