UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CLIFFORD MICHEL, GUERDA | § | |
| LOUIS, RALPH FREDERIC, | § | |
| *Plaintiffs* | § | |
| | § | No.  1:21-CV-00681-DH |
| v. | § | |
| | § | |
| WORKRISE TECHNOLOGIES | § | |
| INC.,  HCS RENEWABLE | § | |
| ENERGY LLC, ROBERT BURNS, | § | |
| *Defendants* | § | |

ORDER

Before the Court are Plaintiffs' Unopposed Motion for Leave to File Response to Motion for Summary Judgment Under Seal, Dkt. 163, and Plaintiffs' Unopposed Motion for Leave to File Sealed Appendix to Response for Motion for Summary Judgment, Dkt. 165. For the reasons set out below, the Court **DENIES** Plaintiffs' motion without prejudice to being re-filed in compliance with the local rules.

Plaintiffs seek leave to file their response to Defendants' summary judgment motion, along with the appendix to the response, under seal. Dkts. 163, 165. The motions for leave cite Defendants' confidentiality designations of certain documents, and Plaintiffs' intent to reference those documents in their response and attach them as exhibits, as the basis for sealing the filings. The motions further note that Plaintiffs challenge the propriety of these confidentiality designations, a that matter is presently pending before the Court in motions that have yet to be ruled on. *E.g.*,

1

Dkt. 154 (Defendants' Opposed Motion for Protective Order to Maintain Confidentiality Designation).

Plaintiffs' motions for leave are defective, seeking to file the entirety of their response, and apparently all exhibits, under seal. The motions make no attempt to identify what portions of the response do not address materials marked as confidential, nor do they explain if every exhibit in the proposed sealed appendix, has been designated as confidential. Assuming for the sake of argument that Defendants' confidentiality designations are proper—the merits of which the Court will determine later—Plaintiffs must nonetheless file a redacted version of their response that redacts only those portions of the filing that quote materials that have been designated as confidential. And the same goes for the appendix—if any of the exhibits Plaintiffs intend to attach have not been designated as confidential, then they should not be sealed. If all 21 exhibits referenced in the Appendix Table of Contents attached to the sealing motion, *see* Dkt. 165-2, have been so designated, then Plaintiffs' motion should specify this fact.

The Court notes that while Defendants do not oppose Plaintiffs' motions to seal, the parties in this case are not the only stakeholders on this matter. Our local rules make clear that sealing should only occur in "limited circumstances" and that "[t]he court expects parties to draft such submissions in a manner that does not disclose confidential information." W.D. Tex. Loc. R. CV-5.2(a), (b); *see also, e.g.*, *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 421 (5th Cir. 2021) (noting the "judiciary's solemn duty to promote judicial transparency"). Plaintiffs have made no attempt to

file a redacted, publicly available version of their response, *see* W.D. Tex. Loc. R. CV-5.2(b) ("Parties should consider redacting confidential information not critical to the filing), nor have they adequately explained the necessity of sealing *all* of their exhibits.

For these reasons, the Court **DENIES** Plaintiffs' motions, Dkts. 163 and 165, and **ORDERS** Plaintiffs, by close of business on Monday, May 6, 2024, to re-file their motions to include (1) with respect to the response, a redacted version redacting only quotations of exhibits that have been designated as confidential, and (2) with respect to the appendix, explaining whether all of the proposed exhibits have been designated as confidential, and, if not, seeking leave only to file those exhibits that have been so designated.

SIGNED May 3, 2024.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE