IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CLIFFORD MICHEL, *et al.*, | § § § § § § § § § § | CIVIL ACTION 1:21-CV-681 |
| *Plaintiffs,* | | |
| v. | | |
| WORKRISE TECHNOLOGIES, INC. *et al.*, | | |
| *Defendants.* | | JURY DEMAND |

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE CITED IN SUPPORT OF THEIR RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Workrise Technologies Inc. and HCS Renewable Energy LLC (collectively, "Defendants"), file the following Objections to Plaintiffs' Evidence Cited in Support of Plaintiffs' Response to Defendants' Motion for Summary Judgment ("Objections"), and respectfully show the Court the following.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By: /s/ Alana K. Ackels
Alana K. Ackels
aackels@bellnunnally.com
State Bar No. 24066760
Jay M. Wallace
jwallace@bellnunnally.com
State Bar No. 20769200
Nathan Cox
ncox@bellnunnally.com
State Bar No. 24105751

2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
Tel. (214) 740-1400
Fax (214) 740-1499

**COUNSEL FOR DEFENDANTS WORKRISE TECHNOLOGIES INC, AND HCS RENEWABLE ENERGY LLC**

**CERTIFICATE OF SERVICE**

I certify that on May 16, 2024, I served a true and correct copy of the foregoing, by email, on all known counsel of record in accordance with the Federal Rules of Civil Procedure and Local Rule 5.2(e).

By: /s/ Alana K. Ackels
Alana K. Ackels

# I.
# PROCEDURAL BACKGROUND

On April 3, 2024, Defendants filed their Motion for Summary Judgment. [Defendant's "Motion," ECF No. 153]. Plaintiffs responded on May 6, 2024, pursuant to unopposed extension requests. [Plaintiff's "Response," ECF No. 170]. Plaintiff filed certain documents under seal, however, copy of Plaintiffs' Response to Defendants' Motion for Summary Judgment can be found at ECF No. 170. Defendants object to certain evidence cited in support of Plaintiffs' Response under Federal Rule of Civil Procedure 56 as follows.

# II.
# OBJECTIONS AND AUTHORITIES

**A. Defendants Object to Portions of Plaintiffs' Exhibit 1 (Elder Deposition Excerpts).**

<u>Defendants re-assert their objections at 30:6-23 - form:</u> The questions at 30:6; 30:10-11; and 30:17-19 misstate facts and assume facts not in evidence. Ms. Elder testified that HCS provided the labor and controlled field operations, not Workrise. See, e.g. **Exhibit A** Elder Dep. at 22:10-15, 32:5-10 (contained in Plaintiffs' excerpts provided); see also ECF No. 152, at Elder Dec. at ¶¶4-5.

<u>Defendants re-assert their objections at 31:14-19 - form:</u> The question at 31:14-16 misstates facts and assumes facts not in evidence. Ms. Elder testified that HCS provided the labor and controlled field operations, not Workrise. See, e.g. **Exhibit A** Elder Dep. at 22:10-15, 32:5-10 (contained in Plaintiffs' excerpts provided); see also ECF No. 152, at Elder Dec. at ¶¶4-5.

<u>Defendants re-assert their objections made throughout 97:2-100:13 - form:</u>

- The question at 97:2-7 asks an improper hypothetical under Fed. R. Evid. 701 and 702, is vague, ambiguous, and calls for speculation.

- The question at 97:22-23 misstates the witnesses' testimony and the evidence. Ms. Elder just testified there is an email from Shawn Melton opening an investigation. Elder Dep. 97:14-17.

- The question at 98:17-19 misstates the witnesses' testimony and the evidence. Ms. Elder testified that Workrise was not able to contact Plaintiff Michel.

- The question at 98:25-99:2 calls for speculation as to who Workrise could have talked to at the time.

- The question at 99:7-9 seeks privileged information. Ms. Elder testified that once the legal demand was sent by Plaintiff Michel, the legal department took over any investigation and handling. Elder Dep. 100:10-13.

**B. Defendants Object to Portions of Plaintiffs' Exhibit 2 (Nickelson Deposition Excerpts).**

<u>Defendants object to 47:4-13 and 47:17-20 –completeness:</u> Under Federal Rule of Evidence 106, Defendants object and request the introduction of other statements that in fairness ought to be considered. Without Defendants' recommended additions, the Plaintiffs' selected testimony does not reflect the full question asked by Plaintiffs' counsel and answered by Defendant. , Defendants supplement Plaintiffs' citations on page 47 of the Nickelson deposition to include Nickelson's testimony from <u>47:14-48:1.</u> A true and correct copy of the entire testimony Defendants request the Court to consider is attached as **Exhibit B.**

<u>Defendants object to 74:21-24 - completeness:</u> Under Federal Rule of Evidence 106, Defendants object and require the introduction of other statements that in fairness ought to be considered. It is clear when the context is considered that Mr. Nickelson is referring only to email addresses (which would have been assigned as a back office function) and not employment status. Therefore, Defendants supplement Plaintiffs' citations on page 74 of the Nickelson deposition to

include Nickelson's testimony from 74:7-75:5. A true and correct copy of the entire testimony Defendants request the Court to consider is attached at **Exhibit B.**

**C. Defendants Object to Plaintiffs' Exhibit 3 (Email Dated February 4, 2020 from Shawna Melton with Forwards).**

Hearsay. Defendants object to statements within Exhibit 3 attributable to Stephanie Noel, found on HCS_01039. These statements are inadmissible hearsay and are offered by Plaintiffs for the truth of the matter asserted. Fed. R. Evid 802.

**D. Defendants Object to Portions of Plaintiffs' Exhibit 6 (Burns Deposition Excerpts).**

Defendants object to 38:13-15 – completeness: Under Federal Rule of Evidence 106, Defendants object and require the introduction of other statements that in fairness ought to be considered. Therefore, Defendants supplement Plaintiffs' citations on page 38 of the deposition of Robert Burns to include Burns's testimony from 38:6-39:1. A true and correct copy of the entire testimony Defendants request the Court to consider is attached as **Exhibit C.**

Defendants object to 51:23-52:6 – completeness and form: Under Federal Rule of Evidence 106, Defendants object and require the introduction of other statements that in fairness ought to be considered. Therefore, Defendants supplement Plaintiffs' citations on pages 51 and 52 of the deposition of Robert Burns to include Burns's testimony from 49:13-52:6. Defendants likewise refer the Court to **Exhibit C,** attached, un-redacting the testimony from 49:13-52:6 which is designated "Confidential." A true and correct copy of the entire testimony Defendants request the Court to consider is attached as **Exhibit C.**

Defendants re-assert their objections at 51:25-52:5 - form: Defendants re-assert their objections made on the record at the deposition of Robert Burns that the question at 51:25-52:2 calls for a legal conclusion, calls for speculation, is vague and ambiguous, and misstates the evidence contained in Exhibit 10 to the deposition of Robert Burns.

<u>Defendants object to 69:3-6 - completeness:</u> Under Federal Rule of Evidence 106, Defendants object and require the introduction of other statements that in fairness ought to be considered. Therefore, Defendants supplement Plaintiffs' citations on page 69 of the deposition of Robert Burns to include Burns's testimony from <u>69:3-23.</u> A true and correct copy of the entire testimony Defendants request the Court to consider is attached at **Exhibit C.**

### E. Defendants Object to Portions of Plaintiffs' Exhibit 7 (Declaration of Clifford Michel).

<u>Defendants Object to ¶ 2:</u> Defendants object to paragraphs 2 and 3 of the Declaration of Clifford Michel. The statements in paragraph 2 are not based on personal knowledge, do not set out facts that would be admissible in evidence, and fail to show that Michel is competent to testify on the matters stated therein. Fed. R. Civ. P. 56 (c)(4). Therefore, the statements in paragraphs 2 and 3 are not competent summary judgment evidence. Absent Michel's conclusory statement that he has "personal knowledge of the facts" at paragraph 1, there is no indication how Michel knows the information to which he testifies. Because Michel's statements lack foundation, they are likewise speculative. Furthermore, the statements in paragraph 2 are vague.

**Personal Knowledge.** Michel states in paragraph 2 that only 8 people who tested positive were Haitian, but there is no indication that he has personal knowledge of all test results or the national origin of all tested. He also states, "before any of the Haitians tested positive, Defendants required them to ride in the same van together at work." This statement is without foundation to establish personal knowledge. For example, how does Michel have personal knowledge of this statement? Is this something he observed personally? Is this something he experienced personally? How were the employees "required" to ride in the same van? How does he know which persons tested positive and when? Under what requirement? How was it implemented? How is Michel

aware of what other Haitian persons were required to do? Michel's declaration does not answer these foundational questions.

Without the requisite foundation, Michel's assertions that Defendants required Haitians to ride in the same van or that Defendants kept Haitians together and referred to them as a group are naked and speculative. Stated differently, it is not clear how Michel knows of what he testifies. "A witness may testify to a matter *only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter*." Fed. R. Evid. 602 (emphasis added). Because paragraphs 2 and 3 are without sufficient facts to support any finding that Michel has personal knowledge of any of the statements therein, the statements are speculative and inadmissible on summary judgment. Fed. R. Civ. P. 56(c)(4).

**Vague.** The statements in paragraph 2 are additionally objectionable on the grounds they lack specificity and are therefore vague. Michel states, "however, before any of the Haitians tested positive, Defendants required them to ride in the same van together at work." How long before "any of the Haitians tested positive" was this alleged requirement in place? This statement is vague and conclusory and not proper summary judgment evidence. *Flores v. United Road Services Midwest, Inc.*, No. 5:19-CV-1066-DAE, 2021 WL 9908546, at *9 (W.D. Tex. July 22, 2021) (unreported) (sustaining objection and striking assertions where statements in affidavit were vague and unsubstantiated).

Defendants Object to ¶4: Defendants object to paragraph 4 of the Declaration of Clifford Michel as vague conclusory, and inadmissible. In paragraph 4, Michel asserts that "Defendants segregated us from other races." This conclusory statement is a naked assertion unsubstantiated by any facts. How is Plaintiff aware of this fact and competent to testify to it? How does Plaintiff allege that he was segregated? From which other races was Plaintiff segregated? On what lines was the

alleged segregation drawn? This allegation is not supported by concrete or particular facts—a requirement of evidence submitted on summary judgment. *See Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 161 (5th Cir. 2021) (noting affidavits must set out facts that would be admissible, and that the facts must be "particularized, not vague or conclusory.").

Moreover, Plaintiff's statement, standing alone, is not sufficient to show that Michel has personal knowledge of the assertions contained in paragraph 4. Personal knowledge is required by Federal Rule of Evidence 602 and Federal Rule of Civil Procedure 56(c)(4).

Defendants Object to ¶6: Defendants object to the statements contained in paragraph 6 as incompetent summary judgment evidence. These statements lack foundation. Absent Michel's conclusory statement in paragraph 1 that he has "personal knowledge of the facts," there is no indication how Michel knows the information to which he testifies. The statements are not clearly made on personal knowledge, do not set out facts that would be admissible in evidence, and fail to show that Michel is competent to testify on the matters stated therein. Fed. R. Civ. P. 56 (c)(4). For these reasons the statements in paragraph 6 are not competent summary judgment evidence sufficient to support his declaration. Additionally, the attestations in paragraph 6 differ significantly from the testimony Michel gave at his February 6, 2024 deposition, raising the issue of whether the affidavit is a sham.

**Personal Knowledge/Speculation.** Michel claims in paragraph 6 that "[m]anagers Bob Schiel and Philip Sirrat . . . called the Black and Haitian workers," a slew of derogatory names "on a daily basis as soon as the Black or Haitian employees began working at the Rambler site . . . ." It is unclear how Michel has personal knowledge of this assertion. Was this something he saw? Was this something he experienced? His attestations are silent as to these foundational questions.

Michel's attestations in paragraph 6 are also speculative. Michel has not laid foundation to show that he was present at the Rambler site in San Angelo, Texas so that he can accurately assert that Black and Haitian workers other than himself were called derogatory names "as soon as" they began working at the Rambler site. It is not clear from the summary judgment record when Michel began working at the Rambler cite relative to other black and Haitian workers. To the extent Michel testifies to the experiences of individuals other than himself, that testimony is inherently speculative. Fed. R. Civ. P. 602. For the foregoing reasons, the unsubstantiated assertions and unsupported speculative claims of Michel are not competent summary judgment evidence. *Flores*, 2021 WL 9908546, at *6, *9.

**Contradictory Testimony.** When addressing the topic of how Sirrat treated Plaintiff Michel, Michel testified that Sirrat "[c]alled us names. Stupid. Dumb. Dummy. Dumby? Dummy?" and "f****** Haitian" or "dummy Haitian." **Exhibit D.** Michel Dep. at 77:21-78:8. During this questioning, Michel did not allege or assert he or any other person was called the names alleged in Michel's Declaration at ¶6. See **Exhibit D,** Michel Dep. at 77:21-78:8. c.f. Exhibit 7, Michel Dec. at ¶6.

Defendants Object to ¶7: Defendants object to the statements contained in paragraph 7 as incompetent summary judgment evidence. These statements lack foundation. Absent Michel's conclusory statement in paragraph 1 that he has "personal knowledge of the facts," there is no indication how Michel knows the information to which he testifies. Thus, the statements in paragraph 7 are not clearly made on personal knowledge, do not set out facts that would be admissible in evidence, and fail to show that Michel is competent to testify on the matters stated therein. Fed. R. Civ. P. 56 (c)(4).

**Lack of Foundation/Speculation.** For example, Michel claims in paragraph 7 that "[m]anagers would yell at the Haitian employees, including the Plaintiffs and unfairly criticize our work." It is unclear, however, how Michel has personal knowledge of this assertion. Was this something he saw? Was this something he experienced? Plaintiff has likewise not laid foundation to show that he was present at the Rambler site in San Angelo, Texas such that he can attest how managers would yell at "Haitian employees" other than himself to "unfairly criticize" their work. To the extent Michel testifies to the experiences of individuals other than himself, that testimony is inherently speculative. Fed. R. Civ. P. 602.

**Improper Lay Opinion.** Michel has not shown how his opinion that "Managers would . . . unfairly criticize our work" is within his rationally based on his perception. Therefore, this opinion is improper under Federal Rule of Evidence 701.

**Vague.** Michel's testimony in paragraph 7 is likewise vague and ambiguous as it is not clear from the testimony what Michel means when he attests the criticism he alleges he received was not "fair."

<u>Defendants Object to ¶ 8</u> – vague as "and others."

<u>Defendants Object to ¶ 9</u> – vague as "we."

<u>Defendants Object to ¶ 10</u> – This statement lacks foundation; there is no way for Mr. Michel to have known whether the layoff on May 12, 2020, was a layoff of all "remaining Haitian employees" of HCS. In fact, the evidence is that HCS continued to employ Haitian employees after the May layoff.

<u>Defendants Object to ¶11</u>: Defendants object to the testimony contained in paragraph 11 of the Declaration of Clifford Michel as incompetent summary judgment evidence. Michel claims that "[m]anagers Schiel and Sirrat directed Plaintiffs' work daily." Michel seemingly testifies that Sirrat

and Schiel directed plaintiffs Louis and Frederic. To the extent Michel testifies to experiences of the other plaintiffs, that testimony is inherently speculative. Fed. R. Civ. P. 602. Michel has not explained how has personal knowledge that Schiel or Sirrat directed the work of Plaintiffs Louis or Frederic. Without more, Michel's unsubstantiated assertion as to the work of other plaintiffs is unsupported speculation and incompetent summary judgment evidence. *Flores*, 2021 WL 9908546, at *6, *9; Fed. R. Civ. P. 602; Fed. R. Civ. P. 56(c)(4). Further, the statement is vague and ambiguous as the timeframe, as Mr. Michel testified that Mr. Schiel and Mr. Siratt had left the Rambler jobsite after the January incident.

<u>Defendants Object to ¶¶13, 14, 16</u>: Defendants object to the testimony contained in paragraphs 13, 14, and 16 of the Declaration of Clifford Michel as incompetent summary judgment evidence. Michel testifies, "[t]he Hispanic crew violated protocols more than the Haitian crew," he "personally saw the Hispanic crew members violate COVID protocols more than the Haitian workers," and that he "personally observed that the Haitian crew worked much harder and adhered much better to the protocols than the Hispanic crew." These statements lack foundation, are vague, ambiguous, and speculative in violation of Fed. R. Civ. P. 56(c)(4).

**Lack of Foundation.** Although Michel testifies in paragraph 14 that he "personally saw Hispanic crew members violate COVID protocols more than the Haitian workers," (¶14) it is impossible that he was everywhere on the jobsites that spanned miles and miles and he does not specify how he is able to draw the conclusion that, based on his observation, that: Hispanic crew members violated COVID protocols more than the Haitian crew" (¶13). Likewise, it is not clear how Michel is able to attest that he "personally observed that the Haitian crew worked much harder and adhered much better to the protocols than the Hispanic crew" (¶16). He is not omnipresent. It is also inherently contradictory to his statements that the Haitians were completely segregated.

These "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Flores*, 2021 WL 9908546, at *6 (citing cases); Fed. R. Civ. P. 602; Fed. R. Civ. P. 56(c)(4).

**Vagueness, Speculation.** It is not clear from Michel's declaration or from the summary judgment record how many Haitian workers Michel worked with as compared to Hispanic workers. It is also not clear in what numbers Michel witnessed the violations he alleges. This renders Michel's conclusion that Hispanics violated protocols "more than Haitian workers" vague and speculative. With regards to vagueness, does Michel allege that more Hispanic individuals violated the protocols than did Haitian individuals? Or does Michel allege that Hispanic individuals violated the protocols more frequently than did the Haitian workers? With regards to speculation, absent more facts sufficient to support a finding that Michel has personal knowledge, Michel's assertions are speculative at best. Fed. R. Civ. P. 602 (requiring evidence sufficient to support a finding that the witness has personal knowledge of a matter).

Michel's testimony in paragraph 16 is inadmissible for the same reasons. Michel alleges in paragraph 16 that he "personally observed that the Haitian crew worked much harder and adhered much better to the protocols than the Hispanic crew." It is not clear what Michel means with his statement that the Haitian crew "worked much harder" and adhered better to the protocols than the Haitian crew. How? In what way?

Defendants Object to ¶15: Defendants object to the testimony contained in paragraph 15 of the Declaration of Clifford Michel. Michel testifies in paragraph 15 that he "saw them not wearing masks, not properly distancing, and having bodily contact with each other. . . as a daily occurrence." This testimony is vague and ambiguous. It is not clear from this testimony how frequently or under what circumstances Michel witnessed the incidents to which he attests in paragraph 15. Likewise,

it is not clear what Michel means with regard to the phrase "having bodily contact." Therefore, this testimony is not competent summary judgment evidence. *Flores*, 2021 WL 9908546, at *9. (sustaining objection and striking assertions where statements in affidavit were vague and unsubstantiated).

Defendants Object to ¶17: Defendants object to the testimony of paragraph 17 as speculative, not within Michel's rationally based perception, lacking foundation. Fed. R. Evid. 602; Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 701.

**Speculation.** Defendants object to the testimony in paragraph 17 of the Declaration of Clifford Michel as speculative. Michel attests, "I personally saw HCS supervisors and Arraycon and Walker employees see the same problems I saw with the Hispanic workers violating protocols much worse than the Haitian workers." Michel cannot attest to what others saw or did not see. Fed. R. Evid. 602. It is impossible for Michel to have knowledge of that fact. Michel cannot know from his own rationally based perception what the HCS supervisors, Arraycon employees, or Walker employees saw. *See* Fed. R. Evid. 602 at notes of advisory committee on proposed rule.

**Lacking Foundation.** Even if Michel is attesting to what he "thinks he knows from personal perception," Michel has not laid the proper foundation to state what he thinks he knows. *See id.* Michel has not stated facts demonstrating how "HCS supervisors," or "Arraycon and Walker employees" saw the "Hispanic workers violating protocols much worse than the Haitian workers." It is not clear from Michel's testimony in paragraph 17 that he observed the alleged violation of protocols by Hispanic workers, let alone *when* he observed "HCS supervisors," or "Arraycon and Walker employees" as *they* allegedly observed the same violations.

Defendants Object to ¶18: Defendants object to the testimony in paragraph 18 of the Declaration of Clifford Michel as speculative, containing improper lay opinions, and being vague.

**Improper Opinion Testimony.** First, Michel opines that there was a difference in "how hard we worked and followed protocols compared to the Hispanic crew." It is not clear from Michel's testimony how his opinion is rationally based on his perception. Fed. R. Evid. 701. Michel does not cite any fact to support how he can draw this conclusion. Furthermore, Michel's testimony is not helpful to clearly understanding his testimony or to determining a fact in issue, and or how this opinion is not based on scientific, technical or other specialized knowledge. *Id.* Therefore, the opinion of Michel contained in paragraph 18 as to the difference in work and protocol adherence between Haitian and Hispanic crews is an improper lay opinion under Federal Rule of Evidence 701.

Michel's improper speculation and lay opinion continues as he states, "It was clear that they did not like Black employees." This statement violates Federal Rules of Evidence 701 and 602. Michel cannot testify as to what HCS supervisors, Arraycon employees, or Walker employees liked or did not like. That testimony is wholly speculative and cannot be within Michel's rationally based perception. Fed. R. Evid. 701; Fed. R. Evid 602.

Likewise, Michel speculates as he states, "HCS, Workrise, Arraycon, and Walker know that they are not telling the truth when they say the Haitians violated the protocols more than the other teams." What "HCS, Workrise, Arraycon, and Walker" know or do not know cannot be within Michel's personal knowledge. Fed. R. Evid. 602. To the extent this statement is meant to express an opinion as to what *Michel believes* "HCS, Workrise, Arraycon, and Walker" know, it is an improper lay opinion under Federal Rule of Evidence 701, for the same reasons noted above.

**Speculation.** Second, Defendants re-assert their objection to Michel's testimony insofar as he attests to what other individuals saw. Like in paragraph 17, Michel contends in paragraph 18 that

HCS supervisors, and Arraycon and Walker employees "saw the difference in how hard we worked and followed the protocols . . . ." This is speculative for the reasons discussed supra.

**Vague.** Finally, Michel vaguely and conclusionally states, that HCS supervisors and Arraycon and Walker employees "showed a hostile attitude toward us and not the Hispanic crew." As noted in multiple objections above, this conclusory statement is not specific as to how a hostile attitude was shown. This statement is an "[u]nsubstantiated assertion[], improbable inferences[] and unsupported speculation [that is] not sufficient to defeat a motion for summary judgment." *Flores*, 2021 WL 9908546, at *6 (citing cases).

For all of these reasons, Defendants object to Michel's testimony in paragraph 18. *Id.;* Fed. R. Evid. 602; Fed. R. Evid. 701; Fed. R. Civ. P. 56(c)(4).

<u>Defendants Object to ¶¶19-20</u>: Defendants object to paragraphs 19 and 20 as lacking foundation and asserting facts not within Michel's personal knowledge. These statements are incompetent summary judgment evidence. Michel states that "HCS and Arraycon forced the Haitians to ride in work vans together." Michel goes on to assert, "[w]hen Mr. Frederic came down with the virus, he had just been riding in the work van with five other persons as directed by HCS and Arraycon." Michel does not state any fact which would demonstrate how he has personal knowledge of either of these attestations. How does Michel know that HCS and Arraycon forced all Haitians to ride in work vans together? Did he receive a memo? How was that information communicated to him? How was he "forced?" Likewise, how is Michel aware of when Mr. Frederic both "came down with the virus" and whether and when he rode with individuals in a work van? Based on this vague attestation, it is possible that Michel's knowledge is based on hearsay and no other source. Fed. R. Civ. P. 802 (the rule against hearsay). Because Michel's statements in paragraphs 19-20 are speculative, not clearly within his personal knowledge, and potentially based

on hearsay these statements are not proper summary judgment evidence. Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602; Fed. R. Evid. 802.

Defendants Object to ¶¶21-22: Defendants object to paragraphs 21-22 of the Declaration of Clifford Michel as improper medical expert opinions. Mr. Michel has not been tendered as a medical expert, nor has any foundation been laid for the medical opinion that persons are "likely to have later tested positive" for COVID or that "HCS and Arraycon are likely the cause of the spread of the virus by requiring Haitian employees to ride in vans together." These statements are improper expert opinions as they require scientific, technical, and specialized knowledge based on reliable principles and methods. Fed. R. Evid. 702.

Defendants further object to the statement, "and they know that they are likely the cause," as an improper lay opinion and speculative under Federal Rules of Evidence 602 and 701. These statements are pure speculation without any foundation.

Defendants Object to ¶¶ 23-25: Defendants object to paragraphs 23-25 as lacking foundation and asserting facts not within Michel's personal knowledge. These statements are incompetent summary judgment evidence. Michel has not shown for any of these statements how he has personal knowledge of the attestations contained therein in violation of Federal Rule of Evidence 602 and Federal Rule of Civil Procedure 56(c)(4). Defendants additionally object on the grounds that the statement in paragraph 24 as to the symptoms Michel and Louis "did not" exhibit in May of 2020 as an improper expert opinion which requires scientific, technical, or other specialized knowledge. Finally, Defendants object to ¶23 as on the basis it is an improper legal conclusion.

Defendants Object to ¶27: Defendants object to paragraph 27 as vague. It is wholly unclear from this statement when or where Hispanic or White employees "were not wearing masks or standing six feet away from each other when they were not wearing masks." This unsubstantiated

assertion is not competent summary judgment evidence. *Flores*, 2021 WL 9908546, at *6 (citing cases). And if this paragraph purports to apply to all Hispanic and White employees at all times, it lacks foundation and is speculative.

### F. Defendants Object to Plaintiffs' Exhibit 10 (Email Dated May 15, 2020 from Marielle Wardell to Shawna Melton).

Defendants object to the statements attributable to Worldson Bonhomme, which exist within the statements of declarant Matthew Morton and throughout Exhibit 10. Any statements of Worldson Bonhomme are hearsay within hearsay in violation of Fed. R. Evid. 805. These statements are offered to prove that individuals other than Plaintiffs made a discrimination complaint. These statements are hearsay-out of court statements offered for the truth of the matter asserted--that is, that individuals other than Plaintiffs made complaints or that alleged discrimination occurred. Fed. R. Evid. 802. They are inadmissible. *Id.*

### G. Defendants Object to Plaintiffs' Exhibit 11 (Email Dated June 4, 2020 from Andrea Gomez).

Defendants object to the statements attributable to Ms. Zapada which can be found within the statements of declarant Matthew Morton and throughout Exhibit 11. Any statements of Ms. Zapada are hearsay within hearsay in violation of Fed. R. Evid. 805. These statements are offered to prove that individuals other than Plaintiffs made a discrimination complaint or that discrimination occurred. These statements are pure hearsay-out of court statements offered for the truth of the matter asserted--that is, that individuals other than Plaintiffs made complaints. Fed. R. Evid. 802. They are inadmissible. *Id.*

### H. Defendants Object to Plaintiffs' Exhibit 13 (Complaint in *Noel et al.*).

The Court should disregard Exhibit 13 in its entirety. Exhibit 13 is a complaint from another lawsuit filed by counsel on behalf of different plaintiffs. It is well settled law that pleadings

are not evidence of the facts stated therein. *Pullman Co. v. Bullard*, 44 F.2d 347, 348 (5th Cir. 1930). Because Exhibit 13 is not a pleading from this lawsuit, it cannot be considered a judicial admission. *See id.* (discussing when pleadings can be considered evidence as an admission). Given that Exhibit 13 does not constitute evidence under any theory of admissibility or the Federal Rules of Evidence, it cannot support Plaintiffs' contention that "segregation adversely affected the Haitians' employment, pitting Black versus White and Black versus Hispanic." Plfs.' Resp. at 14.

## III.
## CONCLUSION

For the reasons stated above, the Court should disregard the objectionable evidence cited above that is attached to Plaintiffs' Response to Defendant's Motion for Summary Judgment and grant Defendants any other relief to which they may be justly entitled at law or equity.